This is a child custody case.
The Circuit Court of Jefferson County divorced the parties in September 1979. The decree provided for a division of property and awarded custody of the parties' minor son to the mother. The father was given specified visitation rights and ordered to pay child support. The decree contained no prohibitions against the mother's removing the child from the trial court's jurisdiction, although the father had requested such a provision. Neither party appealed the original decree of divorce.
In June 1980, the mother moved to Chicago, Illinois, taking the parties' son with her. In May 1981, the father petitioned for a modification of the divorce decree to award him custody of his son, or, in the alternative, to insert a provision in the decree prohibiting the mother from removing the child from Jefferson County for a period in excess of fourteen days during the year. The father subsequently filed motions to enjoin the child's removal and to return the child.
In July 1981, the trial court heard all matters ore tenus and held that the father had failed to show that the welfare of the child necessitated any modifications of the custodial provisions of the original decree. The father's motions for an injunction and for return of the child were also denied. The court found that the removal of the child's residence to Chicago, Illinois, was a sufficient basis for modifying the father's visitation schedule.
The original decree had provided the father with visitation rights on the first and third weekends each month, the week between Christmas and New Year's Day, one month during the summer, every other Thanksgiving Day, and every other birthday. The July 1981 order provided the father with visitation for six weeks during each summer, during which time he will be relieved of his child support obligations. The father was allowed one week during Christmas, four days during spring school holidays, and any other times when the father is in the town wherein the child resides. The order made explicit provisions for the transportation of the child to his father, with the father responsible for all air fares.
The father's subsequent motion to alter or amend, or in the alternative reconsider the order, was denied. He appeals to this court.
The father asserts that the trial court erred in allowing the mother to remove the child from the court's jurisdiction absent proof that the welfare of the child necessitated such a move. He further contends that the burden of proving the necessity for a move should have been placed on the mother.
When a party to a divorce seeks modification of child custody provisions of *Page 796 
the original decree, he must show a material change in circumstances which affects the welfare of the child. Murphy v.Quinn, 402 So.2d 1033 (Ala.Civ.App. 1981); Taylor v. Taylor,387 So.2d 849 (Ala.Civ.App. 1980). The burden of proof is on the one seeking the modification. Cheatham v. Cheatham,344 So.2d 525 (Ala.Civ.App. 1977).
The father argues that the mother's right to continued custody should have been conditioned on her continuing residency within an area in which the father could reasonably exercise his existing visitation rights. Counsel for the father relies heavily in his brief on many cases decided by the courts of New York which apparently support his position. The father's position is not supported by the case law of this state.
The trial judge who hears the evidence ore tenus
is in the best position to ascertain whether there has been a material change of circumstances which requires a custodial change. Julian v. Julian, 402 So.2d 1025 (Ala.Civ.App. 1981). There is also a rule of repose applied to petitions to modify prior judgments concerning child custody. Alford v. Alford,368 So.2d 295 (Ala.Civ.App. 1979). In order to overcome the presumption of correctness afforded the trial court's decree and the rule of repose, the evidence of a material change in circumstances affecting the welfare and best interest of the child must disclose an obvious and overwhelming necessity for change. Id. The record fails to afford such evidence in this case. We consider that our opinion in Cheatham sufficiently disposes of this issue. See also, Clark v. Clark, 46 Ala. App. 432, 243 So.2d 517 (1970).
The next issue raised by the father is whether the trial court erred in not conditioning child support on the mother's continuing residency within an area in which the father can reasonably exercise his existing visitation rights. He asserts that he should be relieved of his obligation to pay support unless he is afforded frequent and regular access to the child. Counsel for the father, again relying on decisions of New York courts, boldly states in his brief that this is a "settled" principle of law. He is in error.
The father's duty to support his minor child is determined according to the child's reasonable needs and the father's reasonable financial capability to satisfy those needs. Modification of a prior provision for child support is a matter within the sound discretion of the trial court, no matter where the child may reside. Wise v. Wise, 396 So.2d 111 (Ala.Civ.App. 1981).
Finding no error or abuse of discretion, this cause is due to be affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.