This is a child custody case.
John William McLendon and Ruby Ann McLendon were divorced in the Circuit *Page 862 
Court of Mobile County, Alabama, on November 19, 1980. Pursuant to an agreement of the parties, custody of the couple's minor daughter, Elizabeth Ann McLendon, was awarded to the paternal grandparents, Mr. and Mrs. W.R. McLendon, subject to each parent's right of visitation. The child remained with the grandparents until August 1982, at which time the natural mother picked the child up for visitation and returned with her to California, the mother's residence. The grandmother, after obtaining a California court order, regained custody of the child and petitioned the Circuit Court of Mobile County for a suspension of the mother's visitation rights and for reimbursement of her expenses in traveling to California to regain custody. The mother counterclaimed, seeking a modification granting her custody. After an ore tenus hearing, the court awarded custody to the mother subject to the grandparents' visitation rights. The grandparents filed a motion for reconsideration, which was denied. They appeal here, asserting that the trial court erred in awarding custody to the mother, that it abused its discretion in modifying the child custody provisions of the judgment of divorce, and that it improperly applied the law to the facts.
The grandparents contend that the trial court mistakenly believed that the recent case of Ex parte Berryhill,410 So.2d 416 (Ala.), on remand, 410 So.2d 419 (Ala.Civ.App. 1982), required that the natural mother be proved unfit in order to deny her custody. They assert that the trial court improperly applied this standard to the case at bar, thus imposing upon the grandparents the burden of proving the mother's unfitness.
This court of course cannot know what was in the mind of the trial judge during the trial nor at the time he rendered his judgment. We have read in the record the statements of the court relative to the opinion of the supreme court inBerryhill. We find nothing more shown thereby than a question of the meaning of that opinion. We all have questions in our mind as to the exact meaning and effect of many appellate court decisions. Our responsibility in this case extends only to determining whether the judgment rendered is sufficiently supported by legal evidence, is not contrary to law as we understand the law, and is not clearly wrong and unjust. We make our determinations keeping in mind the discretionary authority of the trial court and the presumption that its judgment is correct.
It is the opinion of this court that the decision inBerryhill espouses no new law. In fact, the primary statements in Berryhill are quotations from the case of Griggs v. Barnes,262 Ala. 357, 78 So.2d 910 (1955). That case was decided nearly thirty years ago and cited to the case of Striplin v. Ware,36 Ala. 87, 89, 90, written in 1860. Berryhill says that when a contest for custody of a child arises between a parent and a third person, the parent is deemed to have a superior claim to custody which should not be disturbed unless it plainly appears that the interest of the child requires it be set aside. We consider this to mean nothing more than that for a third person to overcome the presumptive superior right of a parent to the custody of his or her child, there must be clear and convincing evidence that the parent is so unfit or unsuited for custody that the best interest of the child will be served by granting custody to the third person.
This court has said that the presumptive superior claim of a parent is ended once there has been a decree granting custody of the child to a third person, rendered upon testimony showing unfitness of the parent and best interest of the child to lie in the custody of the third person. In other words, the issue of best interest of the child would not thereafter be subject to the presumed superior right to custody of the parent.Chandler v. Manning, 411 So.2d 160 (Ala.Civ.App. 1982);Willette v. Bannister, 351 So.2d 605 (Ala.Civ.App. 1977).
Therefore, the only burden of proof in this case was upon the mother. That burden, without benefit of presumption of *Page 863 
primary right of a parent, was to show a change in circumstances since the divorce in 1980 and that the grant to her of custody was in the best interest of her child. The trial court by its decree determined that she met her burden. We may not reverse that determination unless it is so unsupported by the evidence as to be palpably wrong. Lightfoot v. Bylsma,412 So.2d 813 (Ala.Civ.App. 1982).
There is no testimony in this case denigrating the character of nor the loving care given to the child, Elizabeth Ann, by her grandparents. Though the mother relinquished custody of her baby early in its life, there were shown extenuating circumstances. There is testimony that her circumstances and ability to care for her child have substantially improved. She has remarried and has given birth to another child. She has adequate housing and income to care for her child. She is no longer the young girl who had neither husband nor support for her child.
It is no anachronism that every child custody case must be decided upon its own facts within the discretionary authority of the one who heard the testimony and observed the contestants. Chandler, supra.
Viewing the judgment of the trier of fact in light of the evidence and the presumption of its correctness, we are unable to find it palpably erroneous. We therefore must affirm.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.