460 So.2d 1339 (1984)
Emily Calisse BRASWELL
v.
Bobby Gene BRASWELL.
Civ. 4124.
Court of Civil Appeals of Alabama.
November 21, 1984.
*1340 John T. Alley, Jr. of Jones, Murray, Stewart & Yarbrough, Montgomery, for appellant.
Don P. Bennett of Herring & Bennett, Dothan, for appellee.
WRIGHT, Presiding Judge.
This is an appeal by appellant-mother from a judgment of the Circuit Court of Houston County modifying an earlier judgment and awarding custody of the parties' minor child to the appellee-father.
The parties hereto were divorced, after trial, on December 10, 1982, on the grounds of incompatibility. The mother was awarded custody of the minor child, Brandi, age two, with the father given visitation rights for the months of January, May and September until the child reaches school age, then the months of June and July. Father was to pay $50 per week as child support and $20 per week when he has visitation privileges.
On September 23, 1983, the father filed a motion to modify the judgment and award him custody of Brandi, alleging that she was subjected to an immoral and improper environment in that the mother was cohabiting with a man to whom she was not married. A temporary ex parte order granting custody to the father was entered on September 29, 1983. The mother was served by registered mail, at her home in Houston, Texas, on September 30, 1983. A hearing on the merits of the case was held on October 13, 1983, and on October 20, 1983, a judgment modifying the original judgment and awarding custody of Brandi to the father was entered. The mother appeals.
The mother has listed six issues on appeal. The first three issues presented all relate to pre-judgment actions of the trial court. In view of our subsequent ruling, we discern no purpose in discussing those three issues. However, we will state that their dependence upon the Uniform Child Custody Jurisdiction Act (UCCJA) and the case of Wyatt v. Falhsing, 396 So.2d 1069 (Ala.Civ.App.1981), is misplaced. This case is not related in any way to the provisions of the UCCJA. This is merely a petition for modification of a prior divorce case in a court with continuing jurisdiction over the parties and the child.
We additionally comment that the mother clearly submitted herself to the jurisdiction of the court and participated in the proceedings without objection. Thus, without conceding any error therein, we find she cannot now complain of lack of a fair trial.
The only issue presented that is legally sufficient for reversal is that the evidence fails to show a change of circumstances necessary to modify a decree of custody entered some nine months previously. It is evident that the only basis for the petition presented is the allegation that the mother had been living with a man to whom she was not married, while the child was in her custody. The father showed that on one occasion, when he returned the child to the home of the mother, he was told there was a man asleep there. On other occasions he called the home during the daytime, and a man often answered the phone. The man indicated is now the husband of the mother. Any other information concerning the acts of the mother came to the father as hearsay from the three-year-old child. The evidence is undisputed that the child has been well cared for by the mother and has been healthy and happy while in her custody. The only legal evidence presented as to alleged immoral acts was the admission of the mother that she began living with her future husband at a time when the child was in Alabama with the father. She later married while the child was held in Alabama under the ex parte order.
Our law is clear that one bringing a petition for modification of a prior order as to child custody has the burden of proving that a material change in circumstances *1341 affecting the child's best interest has occurred since the prior order. In order to overcome the rule of repose accompanying the prior order, the evidence of a change in circumstances must be so substantial as to disclose an obvious and overwhelming necessity for change of custody. Munchus v. Munchus, 412 So.2d 794 (Ala.Civ.App. 1982); Alford v. Alford, 368 So.2d 295 (Ala. Civ.App.1979). Put another way, in order to overcome the inherently disruptive effect of uprooting the child, there must be evidence to show that the child's best interests are promoted by the change in custody. McLendon v. McLendon, 455 So.2d 861 (Ala.Civ.App.1984); rev'd, 455 So.2d 863 (Ala.1984).
The evidence in this case convinces this court that the showing of no more than pre-nuptial indiscreet conduct between the mother and her present husband out of the presence of the child, is insufficient to sustain petitioner's burden of proof. We have said a parent will not be denied custody for every act of indiscretion or immorality. Gould v. Gould, 55 Ala.App. 379, 316 So.2d 210 (1975).
For failure of the evidence to indicate a material change of circumstances affecting the best interest of the child and that removal of custody from the mother will promote the best interest of the child, the presumption of correctness of the judgment of the trial court is overcome. That judgment is therefore reversed and set aside. The original judgment of December 10, 1982, is ordered re-instated.
REVERSED AND REMANDED.
BRADLEY and HOLMES, JJ., concur.

OPINION AMENDED
WRIGHT, Presiding Judge.
The original opinion herein is hereby amended by adding thereto an award of $500 in favor of appellant, Emily Calisse Braswell, and against the husband, Bobby Gene Braswell, as an attorney fee on appeal.
BRADLEY and HOLMES, JJ., concur.