780 P.2d 413

**In re the Marriage of Linda L. SCHE-NEK, n/k/a Linda L. Kickham, Petitioner/Appellee,**

v.

**Thomas R. SCHENEK, Respondent/Appellant.**

**No. 2 CA–CV 89–0060.**

Court of Appeals of Arizona, Division 2, Department A.

Sept. 21, 1989.

James E. Sherman, Tucson, for petitioner/appellee.

Robert L. Barrasso, Tucson, for respondent/appellant.

OPINION

HATHAWAY, Judge.

The sole issue raised in this appeal from a judgment modifying the amount of child support to be paid by appellant is the constitutionality of the Arizona Child Support Guidelines adopted by the Arizona Supreme Court in September 1987. Appellant argues that the guidelines violate state law and the due process clause of the United States Constitution. We disagree and affirm.

Appellant does not cite any authority to support his argument that the guidelines violate due process. He apparently objects because the guidelines contain provisions not required by the federal legislation mandating that the states establish guidelines for child support. 42 U.S.C. § 651, et seq., 45 C.F.R. § 302.56. We do not consider this a problem. As long as the guidelines are equitably applied and provide for discretion to suit the particular circumstances of each case, we believe they pass constitutional muster. The guidelines in question specifically state, "Courts may deviate from the guidelines where their application would be inequitable." Appellant had notice of the hearing to consider modification of child support, he appeared and had the opportunity to be heard. He was not prevented from presenting to the court any information which he believed would warrant the court from deviating from the guidelines. We find no due process violation.

Appellant also argues that the guidelines violate state law because they were promulgated by the supreme court.

He argues that the guidelines violate A.R.S. § 12–109 which permits the supreme court to make procedural rules but not to "abridge, enlarge or modify substantive rights of a litigant." We find no merit in this argument. The legislature, in A.R.S. § 25–320, gave the courts the discretion to determine the amount of child support, if any, to award. The guidelines are merely that, guidelines. They are to assist the trial courts of Arizona in applying the factors set forth in the statute. The guidelines insure that child support awards are consistent for persons in similar circumstances. They operate as presumptions and thus are procedural in concept. M. Udall and J. Livermore, Arizona Practice, Law of Evidence § 143 (2nd ed.1982). Accordingly, the supreme court's rule-making power applies A.R.S. § 12–109. *Daou v. Harris*, 139 Ariz. 353, 678 P.2d 934 (1984).

Affirmed.

ROLL, P.J., and HOWARD, J., concur.