This is an appeal from the trial court's denial of a motion to alter, amend, or vacate a judgment modifying an award of custody.
Patti McGinnis (mother) and Shane McGinnis (father) were divorced on October 23, 1986. Pursuant to an agreement, custody of the two minor children was awarded to the mother. In September 1989, the father filed a motion for temporary custody and a petition seeking a modification of custody. Subsequently, Gene and Martha McGinnis (grandparents) filed a motion to intervene and a complaint of intervention, both of which were granted by the trial court.
Following an ore tenus hearing, the trial court, on October 30, 1989, awarded custody of the minor children to the grandparents. It further awarded the mother and father alternating periods of visitation, ordered the mother to pay child support in the amount of $594 per month, and ordered the father to pay similar support in the amount of $408 per month.
Only the mother appeals. We affirm.
The mother asserts four issues on appeal. She first contends that the trial court erred in awarding custody to the grandparents because it failed to make findings sufficient to overcome what, she asserts, is her prima facie right as a natural parent to the custody of her children. She next argues that certain factual findings made by the court were not supported by the evidence. She also challenges the trial court's award of visitation and, finally, its award of child support, which she contends is excessive.
Initially, we note that matters of child custody, visitation, and support decided after an ore tenus hearing are within the trial court's discretion, and the court's resolution of these issues will not be disturbed absent an abuse of discretion or a showing *Page 392 
that it is plainly in error. Hutchinson v. Davis,435 So.2d 1303 (Ala.Civ.App. 1983).
Furthermore, a natural parent has a prima facie right to the custody of his or her children in a contest between a parent and a non-parent. Ex parte Terry, 494 So.2d 628 (Ala. 1986). However, where there has been a voluntary relinquishment of custody or a prior decree removing custody from the natural parent and awarding it to a non-parent, no such presumption exists. Ex parte McLendon, 455 So.2d 863 (Ala. 1984).
Absent such a presumption of primary right, the burden rests with the party seeking custody to demonstrate that a change in custody would materially promote the best interests and welfare of the minor children. Id.
We will address the first two issues as being dispositive of whether the trial court's award of custody to the grandparents was proper. Here, we find that the trial court correctly concluded that the mother had voluntarily relinquished custody of the two minor children and that, as a consequence, they had resided with the grandparents for a period of approximately two years prior to the institution of this action.
There was testimony that, during this time, the grandparents provided the majority of the children's material needs and that they were the children's primary caretakers. Such evidence also supports the trial court's conclusion that the grandparents were fit persons to be awarded custody.
Moreover, there was testimony that the mother had consented to an appointment of the grandparents as legal guardians of the children and that the Probate Court of Jefferson County had entered such an order.
As a result, the presumption of the mother's prima facie right to custody is, in this instance, inapplicable. Consequently, it was incumbent upon her to demonstrate that a change of custody would materially promote the welfare of the children. This she failed to do.
Testimony revealed that, during the first year of the mother's having custody, she was involved in a homosexual relationship with a woman who resided with her and her children. Shortly thereafter, the mother and her paramour changed residences, and it was at that time that the children apparently began residing with the grandparents. While the mother testified that she made every effort to conceal the nature of her relationship with this woman from the children, there was testimony that such attempts had not been totally successful.
Testimony was further adduced that the mother used illegal drugs within her home. In fact, she testified that she had used cocaine as recently as May 1989. As a result, the trial court specifically concluded that the mother had engaged in activities which created an environment in which the minor children should not be reared. We agree that the mother failed to meet the burden set forth in McLendon. Therefore, we affirm the trial court's award of custody to the grandparents.
The mother next asserts that the trial court erred in granting her limited visitation with the children. The court's order provides that the mother is to have visitation with the children on the first weekend of each month, for a period of three days during the Christmas holidays, and for three weeks during the summer at a time to be selected by her. The father was awarded similar visitation.
As we have stated, visitation is a matter within the sound discretion of the trial court. Wyatt v. Wyatt, 549 So.2d 1351
(Ala.Civ.App. 1989). Here, the circumstances require that visitation be awarded to both natural parents. The cumulative effect of such awards is that the children will be removed from the custodial home for two weekends out of each month, for a period of six days during the Christmas holidays, and for six weeks each summer. Such awards, in our estimation, are clearly reasonable and do not amount to an abuse of the trial court's discretion. Therefore, we affirm with respect to this issue.
Finally, the mother challenges the trial court's award of child support, contending *Page 393 
that the amount of the award is excessive. She correctly asserts that the factors to be considered in making such an award are the needs of the children and her concomitant ability to respond to those needs. Jenkins v. Jenkins, 418 So.2d 137
(Ala.Civ.App. 1982).
At trial, the mother's testimony indicated that, since the time of her divorce, her financial circumstances have materially improved. She currently has an annual income ranging from $30,000 to $40,000 per year. Additionally, we find it inconsistent that, on appeal, the mother asserts that there was no evidence of the increased needs of the children to greater support, yet, in her petition for modification, she sought to have the husband's support obligation increased. Consequently, we do not find that the trial court erred in ordering the mother to pay child support in the amount of $594 per month.
All parties have requested attorney fees for representation on appeal. All requests are denied.
This case is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and ROBERTSON, J., concur.