This is a case involving modification of child support and child custody.
Debbie Kay Whitfield (mother) and Ben Harold Whitfield (father) were divorced by decree of the Circuit Court of Houston County, Alabama, Family Division, in 1986. The father was given custody of the couple's two minor children, with liberal visitation for the mother. In June 1989 the mother filed a petition for modification seeking custody of the children and a petition for a rule nisi. The father counterpetitioned for an increase in child support commensurate with the Child Support Guidelines found in Rule 32 of the Alabama Rules of Judicial Administration.
After an ore tenus proceeding, the trial court denied the mother's petition for custody and granted the father's cross-petition for increased child support. The mother appeals.
It is well settled that the judgment of the trial court is presumed correct and will not be disturbed absent a showing that it is plainly and palpably wrong. Lucero v. Lucero,485 So.2d 347 (Ala.Civ.App. 1986). We must assume that the trial court applied its discretionary authority and adjudged the best interests of the children in arriving at its determination that a change in custody was not warranted. Beene v. Hester,471 So.2d 422 (Ala.Civ.App. 1985).
The mother first contends that the trial court erred in denying her petition for modification of child custody. In a proceeding to modify child custody, the burden is on the party seeking a change of custody to show some change of conditions or substantial reason justifying such a modification.Stinson v. Stinson, *Page 702 466 So.2d 971 (Ala.Civ.App. 1985). The evidence of a change of circumstances must be so substantial as to disclose an obvious and overwhelming necessity for change of custody. Braswell v.Braswell, 460 So.2d 1339 (Ala.Civ.App. 1984). The positive good brought about by a change of custody must more than offset the inherently disruptive effect caused by uprooting the child.Sasser v. Thompson, 457 So.2d 422 (Ala.Civ.App. 1984). The trial court in an ore tenus proceeding is in the best position to ascertain whether there has been a material change in circumstances. Munchus v. Munchus, 412 So.2d 794
(Ala.Civ.App. 1982); Julian v. Julian, 402 So.2d 1025 (Ala.Civ.App. 1981).
At trial, the mother offered proof that the father had violated a certain part of the divorce agreement that prohibited him from drinking alcoholic beverages in front of the children. The evidence shows that the father has indeed violated this provision on numerous occasions and the trial court so held. However, the trial court did not find the father in contempt for this violation and the mother did not seek review for this failure. As noted above, the issue here is whether the trial court improperly refused to change custody of the children to the mother. In support of this issue, the trial court not only heard the evidence of the father's drinking habits but also heard evidence that the mother herself occasionally drinks alcoholic beverages in front of the children. The trial court also heard testimony concerning the father's refusal to ensure that the older child wears his glasses, takes his asthma medication, and does his homework. Nevertheless, the trial court did not find that this evidence disclosed an overwhelming necessity for change of custody.
The trial court did stress the importance of the provision in the divorce decree which prohibits drinking alcohol in front of the children. The court stated that the mother and father's continued violation of this provision could result in a custody modification.
The evidence which indicates that the father's drinking is continuous and excessive concerns us. However, we cannot say that the trial court, based on all of the evidence, erred in refusing to grant custody of the children to the mother. The children have been living in Dothan since 1984, and they are established in their respective schools and have friends there. The father has now remarried; his present wife has children about the same ages as his children. In all, the evidence does not clearly justify uprooting the children from the home in which they have been living for most of their lives. Consequently, we do not find that the trial court's judgment is plainly and palpably contrary to the evidence in this case. No error here.
The second issue raised in the mother's appeal is whether the trial court erred in granting the father's request for increased child support.
The provisions of the final judgment of divorce ordered the mother to pay child support totaling $200 per month; that is, $100 per month per child. Following the Uniform Child Support Guidelines, the trial court raised these monthly payments to $580 per month.
It is mandatory that the Child Support Guidelines be applied to child support issues in actions filed on or after October 9, 1989; in prior actions, the guidelines are optional. Preface, Rule 32, A.R.J.A. Because this action was filed on June 14, 1989, we review the trial court's use of the guidelines in their optional form.
The Uniform Child Support Guidelines state: "The provisions of any decree respecting child support shall be modified . . . only upon a showing of material change of circumstances that is substantial and continuing." Rule 32(A)(2)(i), A.R.J.A. The fact that the guidelines were not used in the original decree but were applied in the modification hearing does not constitute a change of circumstances. Davis v. Davis,535 So.2d 183 (Ala.Civ.App. 1988).
The only changed circumstance evident from the record is an increase in the mother's salary over the last two years. At the time the divorce decree was rendered, the mother's gross income was $27,000 annually. *Page 703 
At the time of the modification hearing in July of 1989, the mother's income had increased to approximately $34,000 annually.
The most pertinent factor in determining a modification of child support is a material change in the needs, conditions, and circumstances of the children. Jones v. Jones,462 So.2d 375 (Ala.Civ.App. 1984). In the case before us, the record does not indicate that the children's needs or expenses have increased, or that the father is unable to meet his share of these costs. In short, the mother has a greater salary but there is no evidence of the children's greater need.
The father argues that the sale of the marital home constitutes a material change in circumstances. In the initial divorce decree, the parties agreed to sell the house and divide the proceeds therefrom after the remarriage of either party. The agreement anticipated that the party who remarried would be able to establish a new home with the new spouse. There is no evidence that the father is unable to do so now. This contingency was thus stipulated at the outset of the agreement and does not constitute a change in the circumstances of the father.
The trial court increased the mother's monthly child support payments by 190% per child, without sufficient evidence to establish a material change in circumstances. We therefore find that the trial court abused its discretion by modifying the monthly payments, and its judgment on this issue is reversed.
That aspect of the judgment which denies a change in custody is affirmed; that aspect of the judgment increasing child support is reversed and the cause is remanded for further proceedings.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.