The parties were divorced in July 1990 in the Circuit Court of Mobile County. The husband was ordered to pay $800 per month in child support and $500 per month in alimony.
The husband subsequently filed a motion for new trial and the wife filed an answer to the motion, with a cross-petition for rule nisi. After an ore tenus proceeding, the trial court denied the husband's motion for new trial. The court found the husband to be in contempt and ordered him to pay an arrearage of $2,325. The court sentenced the husband to the Mobile County Jail until he purged himself of contempt, but suspended the sentence for seven days.
The husband subsequently appealed from the trial court's denial of his motion for new trial, but later dismissed the appeal. The husband then paid the arrearage as ordered.
In January 1991 the husband filed a motion to modify his support obligation, based on a change in circumstances. The wife filed a motion for rule nisi. After an ore tenus proceeding was held on these motions in May 1991, the court granted the husband's motion to modify and reduced his alimony and child support obligations by $100 each. The court did not find the husband in contempt but awarded the wife $1,899.03 in arrearage. The husband appeals.
Matters of child support and alimony are never res judicata and may be modified upon a showing of a change of circumstances. Miller v. Miller, 437 So.2d 574 (Ala.Civ.App. 1983). Even where such a change is shown, modification of a prior judgment remains a matter within the discretion of the trial court. Mullins v. Mullins, 475 So.2d 578 (Ala.Civ.App. 1985). The exercise of this discretion is presumed correct and will not be reversed on appeal unless it is plainly and palpably wrong. Murphy v. Murphy, 470 So.2d 1297
(Ala.Civ.App. 1985).
The record reveals that the husband owns an automotive cleaning and detailing business. From September 1990 through April 1991, the business suffered a slow period and operated at a net loss for about half of these months. The husband's reported income averaged about $884.94 per month during this period, while his alimony and child support obligations totaled $1,300 per month. At trial, the husband testified that he was unable to fully meet these monthly payments during the months in question but did pay $500 per month toward his support obligations.
The trial court granted the husband a reduction in his child support and alimony obligations; thus, it implicitly found that the husband had suffered a material change in his financial condition. The husband does not dispute this finding, but argues that the trial court erred in reducing child support by only $100. The husband points out that, based on his reported earnings, his obligation should be less than $200 under the child support guidelines found in Rule 32, Rules of Judicial Administration.
Based on the husband's reported net income of $700 to $900 per month, the guidelines would require a greater reduction of child support than was granted. However, the wife presented evidence at trial to indicate that the husband had misrepresented his earnings to the court in previous proceedings and that his present earnings are greater than they appear.
In view of the wife's evidence, the trial court could have found that the husband's income exceeds $900 per month and reduced his obligations accordingly. However, there is nothing in the court's order to indicate that it made such a finding or *Page 319 
that it applied the child support guidelines to this case.
The child support guidelines are mandatory in all actions filed after October 9, 1989. Rule 32, A.R.J.A. The trial court may deviate from the guidelines only where the parties have entered upon a fair, written agreement establishing a different amount of support and stating the reasons therefor, or upon a written finding on the record that application of the guidelines would be manifestly unjust or inequitable. Rule 32(A), A.R.J.A.
In this case, the trial court's order does not specifically indicate that the guidelines were applied. The record does not contain an agreement between the parties concerning support and the court did not find that the guidelines would be unjust or inequitable here. We therefore remand this issue to allow the trial court to make a finding concerning the husband's actual monthly income and apply the guidelines accordingly, or state its reasons for deviating from them.
In view of the foregoing, we pretermit further review of the issue concerning alimony.
The wife's request for an attorney's fee on appeal is granted in the amount of $500.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.