ROBERTSON, Presiding Judge.
Based on the pleadings, deposition testimony, and an agreement between the parties, the . trial court entered a judgment of divorce on September 18, 1989, dissolving the marriage of John and Sandra Brining.
The parties’ four minor children were placed in the custody of the wife. Among other things, the order required the hus.band to pay $400 per child per month ($1600 per month) as child support. This amount was to be paid directly to the wife in equal installments on the 15th and 30th of each month, and was to decrease by $400 per month as each child reached the age of majority. Also, the husband was ordered to pay for certain medical expenses and educational expenses for the children’s private education throughout high school, and he also was ordered to provide health and medical insurance for the children. Additionally, the husband was ordered to pay the wife $600 per month as periodic alimony, payable in equal installments of $300 on the 15th and 30th of each month. However, this amount was to be reduced by $300 per month beginning the second month after the wife became employed.
Approximately one year later, the wife began filing various motions for rule nisi, requesting the trial court to hold the husband in contempt for failing to pay certain monies to the wife as required by the original judgment. Also, the wife requested that the trial court modify the terms of the judgment by limiting the husband’s visitation rights with their four minor children since the husband recently had completed a substance abuse program.
In response, the husband filed a motion for modification of the divorce judgment, alleging that a material change of circumstances had occurred, in that his financial earnings and income producing assets had been reduced substantially. Particularly, the husband requested that his alimony and child support obligations be reduced to an amount commensurate with his present income as directed by the court or deter *296 mined by the child support guidelines under Rule 32, Alabama Rules of Judicial Administration.
Following an ore tenus proceeding, the trial court entered an order on March 22, 1991, which stated:
“1. The [husband] shall bring his child support and alimony payments current on or before April 1,1991, by paying directly to the [wife] the sum of $2,400. The failure or refusal of the [husband] to bring this amount current by this date shall be the basis for the issuance of an alias writ and commitment of the [husband] to the custody of the Sheriff of Mobile County.
“2. Effective the date of this order, the [wife’s] alimony and the [husband’s] responsibility therefor shall be reduced to the sum of $300.
[[Image here]]
“9. The [husband’s] motion to reduce child support payments and any and all other obligations imposed upon the [husband] by the original decree is hereby overruled and denied.
“10. Visitation of the minor children shall be effected with their father upon such reasonable terms as the parties may agree.”
Shortly thereafter, the wife filed a motion to amend, and the husband filed a motion to review and reconsider. Also, the husband filed a bankruptcy petition in the U.S. Bankruptcy Court. The wife then motioned the trial court for a determination that the husband’s support obligations be declared non-dischargeable in bankruptcy.
The trial court entered an order on April 30, 1991, deferring to the U.S. Bankruptcy Court to determine the dischargeability of certain house payments addressed in the original divorce judgment. Also, the order stated that the husband was to pay alimony and child support payments of $2,200 per month as follows: $1,100 on the first of each month and $1,100 on the fifteenth of each month with the next payment due May 1, 1991.
The wife then amended her earlier “motion to amend” by requesting that the trial court include certain money judgments awarded in its order of March 22, 1991, as payments “ ‘in the nature of alimony, maintenance and support,’ and thus non-dis-chargeable in bankruptcy court.”
The trial court then amended its order of April 30, 1991, to reflect the previously ordered reduction of $300 in the husband’s alimony payments. This amendment required the husband to pay a total of $1,900, with $950 payable on the first and fifteenth of each month beginning on May 15, 1991. All other provisions of the order entered on April 30, 1991, were affirmed.
The trial court then entered a final order on May 24, 1991, wherein the husband’s motion to review and reconsider the March 22, 1991, order was denied. However, the wife’s amended “motion to amend” was granted. Consequently, the trial court amended its order of March 22, 1991, to classify the money judgments awarded to the wife in Paragraphs 2, 4, and 9 as being “in the nature of alimony, maintenance, and support pursuant to the Bankruptcy Code, 11 USC 523(a)-(5).”
The husband appeals and raises two issues: 1) Whether the trial court erred to reversal by denying the husband’s motion for an adjustment to his periodic child support obligation based upon a material change in his financial circumstances; 2) Whether the trial court erred to reversal by failing to apply and follow Rule 32, ARJA, to determine the husband’s monthly obligation for periodic child support.
The husband contends that, according to Thistlethwaite v. Thistlethwaite, 590 So.2d 317 (Ala.Civ.App.1991), the trial court has continuing jurisdiction to modify child support obligations upon a showing of a material change of circumstances in either or both parties’ circumstances. Although child support obligations may be modified upon a showing of a change of circumstances, we note that “[e]ven where such a change is shown, modification of a prior judgment remains a matter within the discretion of the trial court. The exercise of this discretion is presumed correct and will not be reversed on appeal unless it is plainly and palpably *297 wrong.” Thistlethwaite, 590 So.2d at 318 (citation omitted).
Here, the husband admits that the parties divorce agreement in 1989 reflected “substantial financial resources and properties.” Now, however, the husband argues that, although his salary and employment remain the same, previous income-producing investments and properties have become liabilities or have ceased producing revenue. Furthermore, the husband maintains that this situation is not his fault but, instead, is attributable to such uncontrollable events as the Persian Gulf war, the devaluation of the U.S. real estate market, and general international economic conditions. Also, the husband states that his support obligations and his non-modifiable obligations (which, according to the husband, exceed $2,000 per month) are now greater than his available income. Accordingly, the husband argues that his decreased earnings demonstrate a change of circumstances, and, therefore, the trial court erred by not modifying his child support obligations.
The record reveals the following facts: At the time of trial, the husband was vice-president of John M. Brining Company, Inc., which is an import-export company that handles foreign freight shipping. According to the husband’s testimony, he owned no interest in the company, but his gross income for 1990 was shown to be $43,509.37 according to his 1990 W-2 statement. According to the husband, this salary was the same as it was in 1989, the year of the parties’ divorce.
Also, the husband testified that he currently was a stockholder in Irrigation Components, which supplies parts to irrigation systems around the world, primarily in Saudi Arabia. According to the husband, this stock was pledged as collateral in 1990 to secure a loan the company made to him, but he still anticipated receiving a dividend for 1990 in the amount of $7,200. The husband testified that the Persian Gulf war had a drastic effect on Irrigation’s business, but he was hopeful that it would pick up in the future.
Furthermore, the husband testified that he currently was a 50% partner in Carbin Associates, which is a real estate investment firm. According to the husband, Car-bin was operating at a deficit of about $1,200 to $1,500 a month in 1991, but his mother was making payments of $500 a month to Carbin for this deficit.
Also, the husband testified that he still received rental income from a condominium, although he claimed that such income was not enough to pay the condominium’s existing mortgage. Finally, the husband testified that an independent labor contract for the shipment of lumber currently provided him with hardly any income, although that contract was very profitable at the time of his divorce.
According to the husband’s W-2 forms and other related forms which were admitted at trial, the husband’s gross income in 1990 was approximately $75,250, which was the total of his salary, rents, and dividends. Also, bank statements admitted into evidence by the wife showed that the husband made deposits into his checking account in excess of $117,000 during 1990. The record further revealed that, at the time of trial, the husband had not filed income tax returns for the years 1988-90.
Other than the husband’s testimony that he has suffered a severe financial downturn since the divorce, the only other evidence on the husband’s behalf contained in the record is in the form of two documents admitted at trial. The first is an unsigned and undated child support guideline form which states that the husband has gross monthly income of $3,990 and adjusted gross monthly income of $3,848. In his brief, the husband claims that this figure, although submitted by himself, is erroneous in that it includes, on a monthly average, an expected corporate dividend for 1991. The second document is a check dated March 20,1991, and is payable to the husband from John M. Brining Company for $1,429.64 as advanced salary.
The wife testified that at the time of trial she was working on her master’s degree from the University of South Alabama. Aside from the support provided in the *298 divorce judgment, the wife testified that she received financial assistance from a $4,000 university fellowship for the 1990-91 academic year. Also, at the time of trial, she had recently taken a job as a part-time counsellor at a high school which would pay her about $70 per day plus mileage expenses for two days per week. This position was on an internship basis, however. Also, on cross examination the wife admitted that, at the time, she received some rental income from real estate.
Based on the foregoing, we cannot say that the trial court’s exercise of its discretion in denying the husband’s request for a modification of his child support obligation was plainly and palpably wrong. Thistlethwaite.
Concerning the husband’s second issue, Rule 32(A)(2)(i), ARJA, provides that “[t]he provisions of any judgment respecting child support shall be modified ... only upon a showing of a material change of circumstances that is substantial and continuing.”
In a recent case which addressed this identical issue, we stated that since the husband failed to show a material change of circumstances, “the trial court never reached the point of applying the child support guidelines.” Bobo v. Bobo, 585 So.2d 54, 56 (Ala.Civ.App.1991). Accordingly, the decision of the trial court is due to be affirmed.
AFFIRMED.
THIGPEN and RUSSELL, JJ., concur.