ROBERTSON, Presiding Judge.
This is an appeal from the application of the child support guidelines to modify child support payments.
The parties were divorced in January 1986, and the father was ordered to pay $25 per week per child as child support for the parties’ two minor children. Subsequent modifications were entered by agreement in 1988 and 1990. This petition to modify was filed in December 1991.
*1111 Following an ore tenus proceeding, the trial court applied Rule 32, Alabama Rules of Judicial Administration, and increased the child support payments from $50 per week to $406.62 per month. The father appeals.
The sole issue before this court is whether the trial court erred by applying the child support guidelines to increase the father’s child support obligations without a showing of a material change of circumstances since the last modification judgment. Rule 32(A)(2)(i), A.R.J.A., specifically provides that any judgment of child support shall be modified only upon a showing of a material change of circumstances that is substantial and continuing.
The record reflects that no evidence was presented to the trial court of any change in circumstances since the previous judgment was entered. The only testimony presented to the trial court was that the mother had gotten divorced from her second husband, and that she no longer had her second husband’s income available to her. We deem this to be an insufficient showing of a material change of circumstances that is substantial and continuing to justify modification of child support.
The mother having failed to show a material change of circumstances that is substantial and continuing, it was error for the trial court to apply the child support guidelines. Moore v. Moore, 575 So.2d 95 (Ala.Civ.App.1990).
This case is reversed and remanded for the entry of a judgment denying the mother’s motion to modify.
REVERSED AND REMANDED WITH DIRECTIONS.
THIGPEN and RUSSELL, JJ„ concur.