RUSSELL, Judge.
The parties were divorced in July 1990, and the trial court awarded them joint custody of their minor child. In February 1991, finding that both parties were fit parents and that awarding custody of the child to the father would be in the best interests of the child, the trial court awarded primary custody of the child to the father. The trial court ordered the mother to bear, in lieu of child support, all transportation expenses of the child for visitation and found that the application of the Child Support Guidelines, Rule 32, Alabama Rules of Judicial Administration, would be unjust because of the transportation expenses.
In September 1991 the father petitioned the trial court, alleging that there had been a material change in circumstances and that the mother should be ordered to pay child support in accordance with the guidelines. The mother filed a counter-petition, alleging that there had been a change in circumstances and asking that custody of the child be awarded to her. Following an ore tenus proceeding, the trial court found that there had been a substantial change in circumstances and, after giving a $1,000 credit per year toward the mother’s child support obligation for the expense of transporting the child from Alabama to Washington, D.C., ordered her to pay $321 per month in child support. It denied the mother’s counterclaim for a change in custody, finding that there had not been a “substantial change in circumstances that would promote the general welfare of the child.” The trial court denied the mother’s motion to alter, amend, or vacate the judg-' ment, and she appeals. We affirm in part and reverse in part.
Initially, we note that when custody has previously been awarded to one parent, it will be modified only when there is a showing that a change in custody would materially promote the child’s welfare. Ex parte McLendon, 455 So.2d 863 (Ala.1984). The noncustodial parent must show that material changes affecting the child’s welfare have occurred since the most recent decree and that the positive good brought about by the modification would more than offset the inherently disruptive effect of uprooting the child from his or her present environment. Id. In addition, the evidence of the change in circumstances must be so substantial that it discloses an obvious and overwhelming necessity for a change of custody. Whitfield v. Whitfield, 570 So.2d 700 (Ala.Civ.App. 1990).
We further note that the modification of child custody is a matter that rests within the discretion of the trial court. Hester v. Hester, 460 So.2d 1305 (Ala.Civ.App.1984). The judgment is presumed correct in a child custody case where the evidence is presented ore tenus and will be altered only when there is a showing of abuse of discretion or plain and palpable error. Wesson v. Wesson, 507 So.2d 536 (Ala.Civ.App.1987).
The mother first contends that the trial court erred in denying her counterclaim for custody and in finding that there was not a substantial change in circumstances that would promote the general welfare of the child. She claims that evidence of this change was reflected in her testimony that the child acts unruly when he first comes to visit her, that the father would not tell her where he had moved with the child, that the child is left with a *1088 babysitter when the father goes to military summer camp, and that the child was seen with a “cigarette burn” on his face.
However, after a thorough review of the record, we cannot find that the evidence presented was sufficient to show that a change in custody would materially promote the child’s welfare, that modification of child custody would bring about positive good that would more than offset the inherently disruptive effect of uprooting the child from his present environment, Ex parte McLendon, 455 So.2d 863, or that there was an obvious and overwhelming necessity for a change of custody, Whitfield, 570 So.2d 700. Therefore, we hold that the trial court did not err regarding the issue of modification of child custody.
The mother next contends that the trial court erred in finding a substantial change in circumstances that warranted an increase in child support. She states, citing Whitfield, 570 So.2d 700, that the most pertinent factor in determining modification of child support is a material change in the needs, conditions, and circumstances of the child. She claims that the only evidence introduced to the trial court in support of an increase in child support was the testimony of the father that his job would be terminated in four years and that his income has changed. She further claims that military pay has not been lowered and that the job termination was an event that may or may not happen in the future.
The Child Support Guidelines, Rule 32(A)(2)(i), A.R.J.A., provide that “[t]he provisions of any judgment respecting child support shall be modified ... only upon a showing of a material change of circumstances that is substantial and continuing.”
The record reveals that the father acknowledged on cross-examination that he had received two pay raises since the last court hearing. Further, there is no evidence presented regarding a material change in the needs, conditions, and circumstances of the child. We are simply unable to find evidence that supports the trial court’s finding of a “substantial change in circumstances to increase child support.” Without such a change in circumstances, the trial court has abused its discretion by modifying child support, Rule 32(A)(2)(i), and its judgment as to this issue is reversed.
The mother also contends that the trial court’s judgment violates the ninth and fourteenth amendments of the United States Constitution; however, she cites no authority that supports this contention. Consequently, as to this issue, we hold that the mother has failed to substantially comply with the provisions of Rule 28(a), Alabama Rules of Appellate Procedure, and we will not consider the issue as presented. Connerly v. Connerly, 523 So.2d 461 (Ala. Civ.App.1988); Matter of Moore, 470 So.2d 1269 (Ala.Civ.App.1985).
Finally, the mother contends that the trial court erred in denying without a hearing her petition to alter, amend, or vacate the judgment. However, because we have already addressed the issues presented by the mother in her petition, we pretermit as unnecessary a discussion of whether this was harmless error or reversible error committed by the trial court. See Greene v. Thompson, 554 So.2d 376 (Ala.1989); Walls v. Bank of Prattville, 554 So.2d 381 (Ala.1989).
The trial court’s judgment is affirmed in part, reversed in part, and the cause remanded, with instructions for the trial court to enter an order consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, J., concur.