The parties were divorced in September 1986, and pursuant to their agreement, the father was granted custody of the two minor children. The mother was awarded specific visitation, but she was not ordered to pay child support. In August 1989, the parties agreed to a modification that included the requirement that the mother pay $150 per month as child support.
The mother filed a petition for modification in December 1990, stating that the father had moved to California and requesting that he be required to deliver the children to her for visitation at his expense. The father then requested an increase in child support. The mother responded by saying that the Rule 32 Child Support Guidelines, Alabama Rules of Judicial Administration, were unconstitutional. The mother's response was served on the Attorney General of the State of Alabama, who entered an appearance limited solely to the defense of the constitutionality of Rule 32.
After a hearing, the trial court entered an order in which it modified the periods of visitation and required the father to be responsible for returning the children to their home following the visitation. It further increased the mother's child support obligation to $350 per month, pursuant to the Rule 32 guidelines. The trial court denied the mother's motion to alter or amend the judgment as it related to child support. The mother appeals.
The record reveals that the mother's income had been $1,400 per month in 1989, when the parties were last in court, and that it had increased to $1,644 per month. The father testified that his income had increased since 1989 and that his expenses had also increased. Child support affidavits indicated that he earned $2,166 per month. The father stated that his rent had increased, that food costs had increased, and that he spends $400 or $500 more a year for the children's clothing. He further stated that the costs of health insurance and transportation for the children have increased, and that he needed additional financial support from the mother.
The mother first contends that the Rule 32 guidelines enlarge, abridge, or modify existing substantive rights, thereby violating the Alabama Constitution of 1901. She recognizes that there is a rebuttable presumption that the amount of child support resulting from the application of the Rule 32 guidelines is correct and that the presumption may be rebutted if "[u]pon a finding of fact, based upon evidence presented to the court, the court determines the application of the guidelines would be manifestly unjust or inequitable." Rule 32(A)(ii), A.R.J.A. However, she nevertheless claims that Rule 32 has removed the trial court's "latitude and exercise of its judicial discretion in regard to an award of child support." Therefore, she claims, Rule 32 does not embody substantive law in effect at the time of its promulgation and does not comply with the limitation of § 6.11 of amendment 328, Title VI of the Alabama Constitution, which states that "such rules shall not abridge, enlarge or modify the substantive right of any party."
Regarding the claim that Rule 32 has removed the trial court's latitude and discretion in awarding child support, although the application of Rule 32 is mandatory in actions concerning child support, such actions are still committed to the sound discretion of the trial court and will not be reversed absent an abuse of that discretion. Loggins v. Houk,595 So.2d 488 (Ala.Civ.App. 1991); Doyle v. Doyle,579 So.2d 651 (Ala.Civ.App. 1991).
The mother further states that the trial court's discretion requires a comparison of the child's needs and the parent's ability to pay, and that substantive law has been changed by removing the trial court's discretion in this regard. The factors to be considered in determining an award of child support *Page 1022 
have been, and continue to be, the needs of the children and the parent's ability to respond to those needs. McGinnis v.McGinnis, 567 So.2d 390 (Ala.Civ.App. 1990). Although the Rule 32 child support schedule sets out the amount that will generally meet these criteria, the trial court may deviate from the schedule if it makes a finding of fact based on the evidence that "the application of the guidelines would be manifestly unjust or inequitable." Rule 32(A)(ii).
The Comment to Rule 32 provides further guidance concerning this issue:
 "The guidelines will provide an adequate standard support for children, subject to the ability of their parents to pay, and will make awards more equitable by ensuring more consistent treatment of persons in similar circumstances.
 "These guidelines are based on the income shares model developed by the National Center for State Courts and are founded on the premise that children should not be penalized as a result of the dissolution of the family unit but should continue to receive the same level of support that would have been available to them had the family unit remained intact. . . .
 "The Schedule of Basic Child Support Obligations was developed by the National Center of State Courts and is based on extensive economic research on the cost of supporting children at various income levels."
Therefore, the child support schedule was based on the cost of "supporting children at various income levels," and the needs of the children commensurate with the ability of the parents to pay. As in previous law, the financial needs of the children can only be met when the financial ability of the parent exists. Hall v. Hall, 280 Ala. 275, 192 So.2d 727 (1966). In addition, the trial court may consider any evidence in determining whether the application of the guidelines would be manifestly unjust or inequitable, Loggins, 595 So.2d 488, and this court will affirm when the trial court deviates from the guidelines after a finding of fact based on the evidence that the award of a guideline amount would be unjust or inequitable.Peck v. Peck, 581 So.2d 1119 (Ala.Civ.App. 1991). This court will reverse, however, where the trial court abuses its discretion.
We also quote with approval from Schenek v. Schenek,161 Ariz. 580, 581, 780 P.2d 413, 414 (App. 1989): "[t]he guidelines insure that child support awards are consistent for persons in similar circumstances. They operate as presumptions and thus are procedural in concept. . . . Accordingly, the supreme court's rule-making power applies" to state law which permits the supreme court to make procedural rules, but does not allow the rules to abridge, enlarge, or modify the substantive rights of a litigant.
Although the mother presents an excellent brief, we do not find her arguments persuasive. We hold that Rule 32 does not violate the Alabama Constitution.
The mother also contends that the trial court erred in determining that a substantial change of circumstances occurred, thereby warranting a modification of child support awarded in a prior judgment.
Rule 32(A)(2)(i) provides that "[t]he provisions of any judgment respecting child support shall be modified . . . only upon a showing of a material change of circumstances that is substantial and continuing." In the present case, the income of both parties has increased. In addition, the father testified that the expenses for the children have increased and that he needs further financial support from the mother. We cannot hold that the trial court erred in finding that the father established a material change in circumstances, in that the costs necessary "for the health, education and welfare of the minor children of the parties have increased substantially and the [mother's] income has risen to meet that need."
Based on the above, the trial court's judgment is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur. *Page 1023