ROBERTSON, Presiding Judge.
Shirley B. Guy and Prentice 0. Guy, Jr., were divorced by decree of the Circuit Court of Mobile County, Alabama, on March 31, 1992. The wife was awarded custody of the parties’ two minor children, and the trial court ordered the husband to pay $483.93 per month as child support, to maintain medical and hospitalization insurance, and to be responsible for extraordinary medical expenses. The decree also ordered that the marital residence be sold upon the approval of a court-appointed Commissioner and that the proceeds be divided equally.
On October 28, 1992, the husband offered to buy the marital residence for an amount which was approved by the Commissioner.
On November 18, 1992, the wife filed a response to the husband’s offer to purchase and petitioned the court for a modification of the child support entered in the divorce decree to bring the support amounts into compliance with the child support guidelines.
On November 25, 1992, the trial court approved the husband’s offer to purchase the marital residence and ordered the Commissioner to execute the necessary conveyances. On December 2, 1992, the wife filed a motion to set aside the November 25, 1992, order. On December 11, 1992, the wife filed a counteroffer. On the same day, the trial court set aside its order of November 25th and entered an order ratifying the agreement of the parties, which allowed the wife to purchase the husband’s interest in the marital residence.
On January 4, 1993, the trial court held a hearing on the wife’s motion to modify child support. The testimony of the parties indicated that neither of them had a change in income since the divorce; however, the wife testified that she now has to make house payments of $327 per month. The trial court denied the wife’s motion to modify and she appeals.
The wife contends on appeal that the trial court erred in denying her motion to modify and that the order of child support entered in the judgment of divorce departed from the Child Support Guidelines of Rule 32, A.R.J.A., and was an abuse of discretion by the trial court. As to the latter issue, as the husband correctly points out, the wife never filed a Rule 59, A.R.Civ.P., motion or appealed from the final judgment of divorce; therefore, we are precluded from addressing that issue in this appeal. Cherry v. Clark, 595 So.2d 909 (Ala.Civ.App.1992).
Under current law, the provisions of any judgment of child support shall be modified only upon a showing that since the entry of the last judgment, there has been a material change of circumstances that is substantial and continuing. Rule 32(A)(2)®, A.R.J.A.; Moore v. Moore, 575 So.2d 95 (Ala. *467 Civ.App.1990). The modification of child support is a matter within the trial court’s discretion and will not be disturbed on appeal unless there is an abuse of discretion. Bass v. Bass, 475 So.2d 1196 (Ala.Civ.App.1985). The most pertinent factor in determining a modification of child support is a material change in the needs or expenses of the children. Whitfield v. Whitfield, 570 So.2d 700 (Ala.Civ.App.1990).
In reviewing the record, we find that the wife, although now obligated to make house payments, has acquired a valuable asset. Additionally, the record reflects that the wife failed to present any evidence of any increased needs of the children since the judgment of divorce.
Therefore, the trial court’s judgment is due to be affirmed. The wife’s request for an attorney’s fee on appeal is denied.
AFFIRMED.
THIGPEN and YATES, JJ., concur.