THIGPEN, Judge,
concurring in part and dissenting in part.
Since I would affirm the trial court’s discretionary denial of child support, I must respectfully dissent to that portion of the majority opinion.
The matters of child support and its subsequent modification rest soundly within the discretion of the trial court, and its judgment will not be reversed on appeal absent abuse. Thompson v. Hove, 596 So.2d 939 (Ala.Civ. App.1992). The modification of a prior judgment regarding child support requires proof of changed circumstances, and appellate review of that judgment, as in this case, is limited by the ore tenus rule. Tucker v. Tucker, 588 So.2d 495 (Ala.Civ.App.1991). Furthermore, modifications are particularly disfavored when only a short period of time separates the judgment and the modification request. Pugh v. State ex rel. Birdwell, 620 So.2d 46 (Ala.Civ.App.1993); Tucker, supra.
In this case, a modification order was entered in January 1993 that changed custody of the child to the husband and terminated child support. The parties’ agreement to change custody also dispensed with the obligation to pay child support. It is well settled that,
“the doctrine of changed circumstances is relevant in child support cases only where the complaining party seeks a modification of an earlier award of support or requests that a decree incorporating a prior agreement dispensing with the obligation to provide support (or establishing the amount of support payable) be altered.”
Armstrong v. Sparks, 360 So.2d 1012, 1013 (Ala.Civ.App.1978). See also Thompson, supra.
The requirement that the party seeking the modification show changed circumstances to justify modification of a prior judgment regarding child support continued with the implementation of Rule 32, Ala.R.Jud.Ad-min.Rule 32(A)(2)®, Ala.R.Jud.Admin.[1] Therefore, when the husband’s May 1993 request for child support was considered, he was required to prove a change of circumstances since the January 1993 order. Thompson, supra. Even if the husband had proven a change of circumstances, that would not guarantee that he would prevail on his petition to modify. This court has stated:
“Although child support obligations may be modified upon a showing of a change of circumstances, we note that ‘[e]ven where such change is shown, modification of a prior judgment remains a matter within the discretion of the trial court. The exercise of this discretion is presumed correct and will not be reversed on appeal unless it is plainly and palpably wrong.’ [Thistlethwaite v. Thistlethwaite, 590 So.2d 317 (Ala.Civ.App.1991) (citations omitted)].”
Brining v. Brining, 600 So.2d 295, 296 (Ala.Civ.App.1992).
*212 The most important and controlling factor in determining whether a modification of a child support order is appropriate is “a material change in the needs, conditions, and circumstances of the children.” Whitfield v. Whitfield, 570 So.2d 700, 703 (Ala.Civ.App.1990) (emphasis added); see also Guy v. Guy, 630 So.2d 465 (Ala.Civ.App.1993); Cassick v. Morgan, 628 So.2d 862 (Ala.Civ.App.1993); Browning v. Browning, 626 So.2d 649 (Ala.Civ.App.1993); and Ares v. Martinez, 611 So.2d 1086 (Ala.Civ.App.1992). “The guidelines are applicable to modification proceedings once the trial court finds that there has been a change in circumstances to warrant a modification.” Fowler v. Jennings, 588 So.2d 497, 498 (Ala.Civ.App.1991).
I find no evidence in this record demonstrating any material change in the “needs, conditions, and circumstances” of the child. Whitfield at 703. The wife argues that the husband “abandoned” the issue of child support, and in his brief, the husband concedes that “child support is not specifically mentioned in testimony.” It greatly concerns me that the record contains absolutely no evidence regarding the child’s needs, which are the very heart of this matter. Rule 32 has not removed the trial court’s consideration in this regard as the child’s needs “have been, and continue to be” factors for the trial court’s consideration. Elliott v. Williams, 631 So.2d 1020, 1022 (Ala.Civ.App.1993). Thus, the husband has failed to present evidence relating to the central factor in his modification request. Whitfield, supra; see also Rolen v. Pickering, 628 So.2d 850 (Ala.Civ.App.1993). The trial court did not find a change of circumstances, nor does the record support a conclusion that the husband had proven that a change of circumstances had occurred in the five months since the trial court dispensed with the child support obligation. Since the husband failed to show a change of circumstances, the trial court had no occasion to apply the child support guidelines. Moore v. Moore, 575 So.2d 95 (Ala.Civ.App.1990); see also Bobo v. Bobo, 585 So.2d 54 (Ala.Civ.App.1991).
In fact, absent changed circumstances, it is error for a trial court to modify a previous order regarding child support. Dimoff v. Dimoff, 606 So.2d 159 (Ala.Civ.App.1992); see also Cassick, supra; Ares, supra; McCormick v. McCormick, 603 So.2d 1110 (Ala.Civ.App.1992). In the instant ease, the trial court is simply “without authority to apply the child support guidelines to modify” the previous order. Dimoff at 161.
Even if this case were reviewed as an initial request to establish child support, the matter of whether to award child support has not been removed from “the trial court’s latitude and discretion” and that determination is “still committed to the sound discretion of the trial court.” Elliott v. Williams, 631 So .2d 1020, 1021 (Ala.Civ.App.1993); see also Kelly v. Kelly, 624 So.2d 601 (Ala.Civ.App.1993); and Bridges v. Bridges, 607 So.2d 289 (Ala.Civ.App.1992).
The mandatory application of the guidelines of Rule 32 does not arise until after the trial court determines to award child support. This principle has been applied and followed by this court since its inception, and was clearly enumerated in Doyle, wherein we held that
“actions concerning child support that are filed on or after October 9, 1989, although guided by the mandatory application of Rule 32, AR JA are still committed to the sound discretion of the trial court, and its decision on such matters will not be disturbed on appeal absent a finding that the trial court’s award is a palpable abuse of its discretion.”
Doyle v. Doyle, 579 So.2d 651, 653 (Ala.Civ.App.1991) (emphasis added); see e.g., Scott v. Stevens, 636 So.2d 444 (Ala.Civ.App.1994); Elliott, supra; Briscoe v. Briscoe, 600 So.2d 290 (Ala.Civ.App.1992); and Dinkel v. Dinkel, 598 So.2d 918 (Ala.Civ.App.1991). The trial court’s discretionary determination that an award of child support is appropriate triggers the mandatory application of Rule 32, Ala.R.Jud.Admin. The clear language of the rule addresses the determination regarding “the amount of the award” of child support. Rule 32(A), Ala.R.Jud.Admin. (Emphasis added.)
Since the husband did not cross the threshold matter of showing a change in circumstances in the five months since the last judgment, the trial court is without au *213 thority to determine support payments in accordance with Rule 32 as instructed. I believe the trial court properly denied the husband’s motion, and that its judgment should be affirmed. Therefore, I must respectfully dissent.

. This action was instituted prior to October 4, 1993, the effective date of amended Rule 32, Ala.R.Jud.Admin.