On original submission, I concurred in the affirmance of the trial court's judgment. After further consideration on rehearing of the issues involved, I now conclude that, given the applicable precedent, the trial court erred in modifying custody.
The moral fitness of a parent is always a factor to be considered in a child-custody case. All too often, the courts of this State are called upon to decide a child-custody case in which the moral fitness of one or both of the parents is questionable.
Over the years, in child-custody cases, our courts have held that the indiscreet sexual conduct of a custodial parent, such as living with someone without the benefit of marriage while the child is in the home,[5] is not in itself a reason to modify custody of a child; rather, the courts require proof that the conduct has had a detrimental effect on the child. Ex parteJ.M.F., 730 So.2d 1190, 1194 (Ala. 1998) (where a parent seeks a change of custody based solely upon the sexual misconduct of the custodial parent, a showing that the misconduct has a detrimental effect upon the child is required.); Phillips v. Phillips622 So.2d 410, 412 (Ala.Civ.App. 1993) ("Such misconduct is not evidence of a substantial detrimental *Page 1257 
effect on a child in the absence of any proof of harm to the child."); Braswell v. Braswell, 460 So.2d 1339 (Ala.Civ.App. 1984) (indiscreet premarital conduct by the custodial parent was not a sufficient basis for modifying custody of the child).
In a custody dispute in which custody has already been previously assigned, caselaw places the burden on the non-custodial parent of proving that the cohabitation of the custodial parent is detrimental to the child. Because I believe that the unmarried cohabitation of a custodial parent not only sets a poor moral example for the child but likely has an adverse effect on the child emotionally, it would seem to me to be more appropriate for the cohabiting parent to bear the burden of proving that the child is not harmed by the cohabitation. The initial burden would be on the noncustodial parent to prove by substantial evidence that the custodial parent is cohabiting without the benefit of marriage while the child is in the home. Following that showing, the burden would shift to the custodial parent to prove the absence of harm to the child caused by that cohabitation. It does not seem to me that the best interests of the child are served by waiting until such time as the child suffers harm or the conduct has a detrimental effect on the child to consider modifying custody.
I believe that a custodial parent who is truly interested in retaining custody of his or her child should be expected to place the interests of that child above his or her own and to refrain from conduct that has the potential of adversely affecting his or her child. The goal of the courts is to act in the best interest of the child. See Ex parte Johnson, 673 So.2d 410 (Ala. 1994) (in a child-custody proceeding, the dominant concern must be the best interests of the child or children involved); Santmier v.Santmier, 494 So.2d 95, 96 (Ala.Civ.App. 1986) ("The primary concern in child custody cases is the best interest and welfare of the child."). The courts of this state should expect no less from the child's parents.
In this case, I am not convinced that the mother's conduct did not cause the children some harm. I am encouraged, however, by the fact that this mother has since married the man with whom the trial court found she was cohabiting and that the recurrence of the misconduct in the future is highly unlikely. It is also clear that, other than this poor decision on her part, the mother appears to have been a good mother to the children.
I do not condone the actions of this mother, and I can certainly empathize with the trial judge's frustration with the mother's conduct. However, our current caselaw requires more than just proof of the unmarried cohabitation of the custodial parent, and this court and the trial court are bound by that law. Therefore, upon reconsideration, I agree with the majority in finding that the father failed to meet the stringent burden imposed by Ex parte McLendon. Therefore, I concur in the result reached by the main opinion.
[5] The mother in this case denies that she was cohabitating with her fiancé. The trial court, after discussing the matter with the children, however, apparently believed otherwise.