This case involves a modification of child support by application of Rule 32, Alabama Rules of Judicial Administration.
The parties were divorced in 1983. The mother was granted custody of the parties' minor child, and the father was ordered, inter alia, to pay $225 per month in child support. In 1984, by agreement between the parties, the child support payments were reduced to $190 per month.
In 1991, the mother filed a motion for rule nisi and for an increase in child support. After an ore tenus proceeding, the trial court's order provided that:
 "4. Based on a substantial increase in the [father's] income since 1984, the child support is increased to $397 per month effective November 1, 1991. This support is in compliance with Rule 32, A.R.J.A., Child Support Guidelines."
Apparently, the trial court based its judgment solely on the fact that the father's income had increased since 1984. The trial court calculated the child support amount pursuant to Rule 32, A.R.J.A., by applying the father's income only. The father appeals.
The record reflects that, at the time of the divorce, the mother was employed as a school teacher with the Mobile County school system with an average monthly income of $1,250, and the father was employed as a Mobile city police officer with an average annual salary of approximately $20,000. (The record does not reflect what the parties' salaries were at the time of the agreement in 1984). Shortly after the divorce, the mother remarried and moved to Texas. She has elected not to teach school or to otherwise work since the parties divorced. The mother and her present husband have two additional children. The mother testified that she requested an increase in child support because the father has had an increase in salary, and the cost of living has gone up. The mother presented no testimony or other evidence of any material change in the needs of the child.
The father testified that he is presently employed with Alfa Insurance Company and that his current gross income is $2,600 monthly. Since the divorce he has remarried, and he also has two children by his second marriage. His present wife is not currently employed. He further testified that, at the time of trial, he was $1,868 in arrears on his child support payments due to his present wife's continuing illness and hospitalization. The father testified that he is presently unable to even pay the existing child support, and that he certainly would be unable to pay any increase in child support pursuant to the child support guidelines.
On appeal, the father contends that the trial court erred in granting the mother's *Page 161 
request for an increase in child support and in applying the child support guidelines.
Rule 32(A)(2)(i), A.R.J.A., provides that:
 "The provisions of any judgment respecting child support shall be modified . . . only upon a showing of a material change of circumstances that is substantial and continuing."
The record in this case is devoid of any evidence that the child's needs or expenses have increased or that the mother is unable to meet her share of these costs. A child support award may be modified "only upon a showing of a material change of circumstances that is substantial and continuing." Moore v.Moore, 575 So.2d 95, 96 (Ala.Civ.App. 1990). We find the language in Whitfield v. Whitfield, 570 So.2d 700, 701
(Ala.Civ.App. 1990) to be applicable to the facts in this case in that:
 "The most pertinent factor in determining a modification of child support is a material change in the needs, conditions, and circumstances of the [child]. In the case before us, the record does not indicate that the [child's] needs or expenses have increased, or that the [mother] is unable to meet [her] share of these costs. In short, the [father] has a greater salary, but there is no evidence of the [child's] greater need."
Whitfield at 703. (Citation omitted.)
We find that the mother failed to prove that a continuing and substantial material change of circumstances has occurred. Consequently, we hold that the trial court erred in modifying the child support payments. With the mother having failed to meet the requirements of Rule 32(A)(2)(i), A.R.J.A., the trial court was without authority to apply the child support guidelines to modify the child support payments in this case.Cherry v. Clark, 595 So.2d 909 (Ala.Civ.App. 1992); Moore,supra.
Therefore, this case is due to be, and it is hereby reversed and remanded for an entry of a judgment denying the mother's motion to modify.
REVERSED AND REMANDED WITH DIRECTIONS.
THIGPEN and RUSSELL, JJ., concur.