This case concerns the modification of child support. The parties were divorced on March 22, 1991, and Wanda G. Browning (mother) received custody of the parties' 1 1/2-year-old child. Mark F. Browning (father) was to pay $50 per week child support. In June 1992, the wife filed a motion for additional support, alleging that the needs of the minor child had increased. She also filed a motion for rule nisi, asking the court to hold the father in contempt of court for failure to pay child support. The trial court entered an order on August 17, 1992, increasing child support from $50 per week to $433 per month, applying the Child Support Guidelines found in Rule 32, Alabama Rules of Judicial Administration. It also gave the mother a judgment against the father for child support arrearage. The father's motion to reconsider was denied, and he appeals.
The father does not question the trial court's order on arrearage; however, he does contend that the court erred in increasing child support. He argues that the mother failed to meet the burden of establishing a material change in circumstances to justify additional support.
The original judgment of divorce incorporated the agreement of the parties, which provided for custody and the initial child support determination. In addition to child support, however, the father was, inter alia, to maintain medical, dental, and hospitalization insurance for the minor child, to be responsible for all extraordinary expenses not covered by said insurance, and to assume all the outstanding debts of the marriage. He received the marital home, but was responsible for the indebtedness thereon.
The record reveals that, at the time of the hearing on the motion to modify, the records of the court's accounts clerk showed that the *Page 650 
father was $150 in arrears on child support payments. The mother testified, however, that the father owed payments for fourteen weeks, but presented no evidence to support this claim. The father denied he owed fourteen weeks past due support and introduced a letter from the mother dated March 26, 1992, which stated that "it will take $150 to bring you up to date." This letter also stated:
 "You see, its like this, we don't need the money and we really don't want it so any time [you're] ready my lawyer has adoption papers drawn up. Just let me know when [you're] ready to sign them and I'll tell you where to go.
". . . .
 "Well, well, it's Saturday and still no check. . . .
 "Do us a favor and keep it. We don't want it and we don't need it!"
When specifically asked about the above statement that she did not need the money, the mother responded as follows:
 "A. If he's going to get her [child] on a regular basis, but yet he doesn't think he should have to pay his child support, I think that — I think that he should, you know, pay his child support. I think he should pay it. I think he should pay what he — take care of her, enough to take care of her.
 "Q. My question is, has anything changed with your financial circumstances since March 26th that would cause you to need more money?
"A. No, sir."
The mother did testify that day care expenses had increased from $200 per month to $55 per week, plus lunches, and that the child's extracurricular activities had increased. The mother, however, never introduced evidence of amounts paid for the extracurricular activities and also testified that she never asked the father to pay for these activities. Further, there was no documentation of monies spent on lunches.
The father testified that he continues to pay $190 per month in child support for two children from a previous marriage, and that his income has only increased from $13.05 per hour to $13.25 per hour since the divorce. The mother testified that her income has increased by $3.75 per hour since the divorce. Additionally, the mother had moved on February 1, 1992, from Mobile, Alabama, to Ft. Walton Beach, Florida, and both parties testified that in order for the father to exercise visitation two weekends per month, he faced a two-hour drive one-way.
The father contends that the trial court erred in increasing the amount of child support because, he says, the mother failed to show a material change in circumstances and the decision was against the great weight of the evidence. He further suggests that the mother's motivations were not based on increased needs of the child but were based on the mother's desire for her new husband to be able to adopt the child. The father states, in effect, that the mother has used the court system to force him to allow someone else to adopt his daughter.
When evidence in a case is presented ore tenus, the judgment of the trial court will not be reversed absent an abuse of discretion and a showing that the judgment is plainly and palpably wrong. Lee v. Lee, 608 So.2d 1383
(Ala.Civ.App. 1992). "A child support award may be modified 'only upon a showing of a material change of circumstances that is substantial and continuing.' " Dimoff v. Dimoff, 606 So.2d 159,161 (Ala.Civ.App. 1992). The burden of establishing a substantial change of circumstances is on the moving party.McCalla v. McCalla, 497 So.2d 509 (Ala.Civ.App. 1986).
In the present case, child support was set by agreement of the parties and incorporated into the original divorce judgment. Fifteen months later the mother requested an increase in support even though her testimony indicated no substantial increase in the needs of the minor child. The mother's salary had increased, she had remarried, and at the time she lived in Florida. While these are changes occurring after the parties' divorce, they do not support the request for additional child support from the father.
"The fact that the guidelines were not used in the original decree but were applied in the modification hearing does not constitute *Page 651 
a change of circumstances." Whitfield v. Whitfield,570 So.2d 700, 702 (Ala.Civ.App. 1990). A modification of a child support order is to be based not only on the parent's ability to pay, but also on the needs of the child. Cox v. Cox,591 So.2d 90, 91 (Ala.Civ.App. 1991). "The most pertinent factor in determining a modification of child support is a material change in the needs, conditions, and circumstances of the children." Whitfield, 570 So.2d at 703.
Based on the evidence presented by the mother, this court is of the opinion that she failed to establish a material change of circumstances that was substantial and continuing as set out in Dimoff, 606 So.2d 159. Therefore, we reverse and remand with instructions for the trial court to reinstate the previous child support order.
The father's request for a reasonable attorney's fee on appeal is granted in the amount of $400. The mother's request is denied.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, J., concur.