YATES, Judge.
This case involves a modification of child support.
The parties were divorced in May 1987. Pursuant to an agreement between the parties, the mother was awarded custody of the minor children and the father was ordered to pay $300 per month as child support. In January 1990, the trial court temporarily reduced the amount of child support payable by the father to $230 per month. The mother filed a motion to modify the child support award in January 1993. In March 1993, following a brief hearing, the trial court entered an order increasing child support to $300 per month, and ordering the father to pay an additional $250 per month “towards the actual work-related day care costs of the minor children.” The trial court stated that
“[t]his sum is greater than the Child Support Guidelines recommended but the Court finds that the Defendant has less expenses than normal and that his resulting ability to pay is greater.”
*945 The father filed a motion to alter or amend or for a new trial pursuant to Rule 59, A.R.Civ.P., which was denied by the trial court. The father filed a timely appeal from both the final judgment and the Rule 59 motion.
The record reveals that the father is unemployed, and that, due to an injury at his previous employment in 1987, he received a $260,000 settlement from a products liability claim, and this money was in the father’s possession approximately one and a half months prior to the hearing in this case. The father testified that, with the proceeds of the settlement, he purchased a home, a car, furniture, paid debts including the arrearage in child support of $8,500, purchased a $40,-000 annuity that will begin payment upon his retirement, and had approximately $12,000 cash in the bank after paying his attorney fees and medical bills. The father also testified that he had been placed in a “light work category” and is capable of earning minimum wage.
The mother’s only testimony in support of her claim of increased child support was that she now earns approximately $15,000 per year, and that day care expenses for the minor children are currently $450 per month.
The father contends on appeal that the trial court erred in setting child support above the amount required by the guidelines set out in Rule 32, Ala.Rules of Judicial Admin. He argues that the child support should have been set according to the guidelines for minimum wage, and that setting an amount above that required by the guidelines in effect “cripples” him by compelling him to give up all of his net income. The dispositive issue, however, is that the mother failed to meet her burden of proof. She did not prove a material change in circumstances in the needs of the children since the last order of the court.
In order to increase an award of child support, the moving party must show a substantial and continuing material change of circumstances. Dimoff v. Dimoff, 606 So.2d 159 (Ala.Civ.App.1992). Showing a material change of circumstances in the needs of the children is the most pertinent factor in determining a modification of child support. Id. Here, we note that parents have a duty to support their children. After a thorough review of the scant record on appeal, however, we find that the burden of proof concerning the increased needs of the children has not been met. The record before this court is completely devoid of any evidence that the needs of the children have increased since the last order of the court. Consequently, this court holds that the trial court erred in increasing the child support payments.
Therefore, the judgment of the trial court relating to the modification of child support is reversed and this case is remanded to the trial court for entry of a judgment consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, J., concur.