This is a divorce modification case.
In February 1989, pursuant to a settlement agreement between William Carl Posey, Jr. (father) and Rebecca N. Posey (mother), the trial court entered a final judgment of divorce, which provided, inter alia, that the mother be awarded custody of the parties' two minor children, subject to the father's visitation, and that the father pay periodic alimony and child support. That judgment also provided for annual increases in the child support and alimony obligations through 1990. In August 1990, the trial court entered a modification order based upon an agreement of the parties, which, inter alia, reduced the father's obligations.
In June 1992, the father filed a second petition to modify the divorce judgment, alleging a material change in circumstances. The mother answered and filed a counter-petition for rule nisi, requesting that the father be held in contempt for failure to comply with the terms and conditions of the last judgment. She also requested an increase in periodic alimony. In April 1993, after ore tenus proceedings, the trial court found that the application of the child support guidelines would be inequitable and unjust, and it increased child support to $4,000 per month and alimony to $4,000 per month. The father appeals.
The father contends that the trial court abused its discretion in increasing the child support and periodic alimony awards.
At the outset, we are mindful that a trial court's judgment regarding matters of child support and alimony, following the presentation of ore tenus evidence, is presumed correct and will not be reversed on appeal absent abuse, unless the judgment is unsupported by the evidence or is plainly and palpably wrong. Stewart v. Kelly, 587 So.2d 384 (Ala.Civ.App. 1991). A child support order may be modified only if there is a showing of a material change of circumstances that is substantial and continuing. Rule 32, Ala.R.Jud.Admin.; Dimoffv. Dimoff, 606 So.2d 159 (Ala.Civ.App. 1992). Alimony may be modified when there has been a material change in the circumstances of the parties. Garthright v. Garthright,456 So.2d 825 (Ala.Civ.App. 1984).
In the case sub judice, both the child support and alimony obligations were originally determined, and later modified, by agreement of the parties. Although the most recent modification was a judicial determination following ore tenus proceedings, we find no evidence in the record to indicate that the children's needs or expenses have increased since the last child support determination. The only evidence presented concerns the financial conditions of the parties. Evidence of a father's greater salary, without consideration of the children's needs, is insufficient to support an increase in the child support obligation. Cox v. Cox, 591 So.2d 90
(Ala.Civ.App. 1991); Whitfield v. Whitfield, 570 So.2d 700
(Ala.Civ.App. 1990). A trial court's discretion regarding child support when the parent's income exceeds the uppermost level of the schedule found in Rule 32, Ala.R.Jud.Admin., is not unbridled. The support ordered "must relate to the reasonable and necessary needs of the child[ren]." Anonymous v. Anonymous,617 So.2d 694, 696 (Ala.Civ.App. 1993). There is absolutely no evidence in the record suggesting or relating to any material change in the needs, conditions, and circumstances of the children. Although the father's salary indicates an ability to pay higher child support, there is no evidence of any increased needs of the children. The trial court abused its discretion in increasing the father's child support obligation, and its judgment is not supported by record evidence. Therefore, the judgment must be reversed and the cause remanded to the trial court for reconsideration in light of further evidence of the reasonable needs of the children.
The father also argues that the trial court abused its discretion in its modification of alimony. Periodic alimony may be modified at any time a change in the financial circumstances of either party is proven. Boudreaux v. Boudreaux,550 So.2d 1030 (Ala.Civ.App. 1989). Factors the trial court *Page 573 
may consider in determining whether to modify alimony include "the recipient spouse's financial needs, the amount of the estate of each spouse, the ability of the payor spouse to respond to the recipient spouse's needs, the ability of each spouse to earn income, and the remarriage of either party."White v. White, 589 So.2d 740, 742 (Ala.Civ.App. 1991).
The record reveals fluctuations in the father's income that mirror the parties' agreements regarding both child support and alimony. The mother asserts that she had agreed to alimony and child support installments consistent with the father's salary fluctuations. The trial court had ample evidence regarding the financial conditions of the parties. The record contains evidence regarding the expenses of the mother as the custodial parent of the parties' children. Although the amount of alimony ordered in this modification seems substantial, the record discloses that the father's income is sufficient to sustain that amount. The father has failed to provide any evidence to overcome the presumption of correctness afforded to the trial court's judgment. After thoroughly reviewing the record, we cannot say that the trial court abused its discretion, nor that the increase in alimony is unsupported by the evidence. We find no error in the trial court's judgment regarding the alimony award.
The mother's request for an attorney fee on appeal is denied.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, J., concur.