YATES, Judge.
The parties were divorced on March 22, 1991. By agreement, the wife was granted custody of the minor child; the husband was ordered to pay $800 per month child support and $2,200 per month periodic alimony. He also was ordered to maintain health insurance on the child and on the wife and to be responsible for medical expenses not covered by insurance until the child attains the age of 19.
Subsequently, both parties filed numerous petitions and motions. On January 27, 1998, the trial court entered an order finding the husband in contempt for failing to make alimony payments as ordered and allowing him to purge himself of the contempt “by obeying all future orders of this Court.” The wife was awarded a $15,048 judgment against the husband; child support was terminated, with the husband being awarded custody of the child.
The wife later filed an affidavit stating that the husband had refused to comply with the January 1993 order. The court entered an order for a writ of arrest on March 19, 1993; cash bond was set at $15,000; and the husband was incarcerated. The court later reduced bond to $1,500 because, it said, it appeared that the husband was unable to post the higher amount; upon payment of the bond, the husband was released.
Again, both parties filed numerous petitions and motions, with the wife alleging that the husband, although he claimed that he could not pay her the alimony owed, had purchased for his present wife a new automobile and a business, and that he was dissolving his corporation; in which he had 50 percent ownership, to avoid garnishment of his salary. The wife moved to have funds condemned that the husband had in his business bank accounts; the court granted her motion and directed the bank to pay the monies into the court “to be applied toward the satisfaction of the judgment entered on January 27, 1993 ... and the alimony arrearage accrued.” The husband claimed that the wife had had him and his present wife arrested a number of times on various charges, and that she had “pursued a campaign of destruction” and had ruined his business by sending his major supplier copies of pleadings that were before the court and by making telephone calls to the wives of officials in that business. He requested that all future alimony payments be terminated and that he be allowed certain credits against the alimony arrearage that he owed. He further requested the trial court to order the wife to pay child support.
After a hearing, the trial court entered an order on August 19, 1993, finding that, after certain credits were given to the husband and the condemned proceeds were paid to the wife, the husband had a $1,000 credit toward future alimony payments.
On September 17, 1993, the wife wrote a letter to the court requesting that it issue a writ of arrest against the husband, because, she said, the husband owed her alimony of $1,200 for August and $2,200 for September and because he had not provided proof of insurance; the trial court entered an order for writ of arrest on September 21, 1993.
On September 30, 1993, the husband filed his notice of appeal from the August 19 order and he also filed a motion to stay that order, or, in the alternative, to set a supersedeas bond. The trial court granted the motion to stay, conditioned upon the posting of a $2,500 supersedeas bond.
The husband first contends that the trial court’s denial of his motion to modify was arbitrary and unjust.
Following the presentation of ore tenus evidence, the judgment of a trial court regarding alimony matters is presumed correct and will not be reversed on appeal unless the judgment is unsupported by the evidence or is plainly and palpably wrong. Posey v. Posey, 634 So.2d 571 (Ala.Civ.App.1994). Periodic alimony may be modified where there has been a material change in circumstances; however, the burden is on *210 the moving party to prove the material change. Boudreaux v. Boudreaux, 550 So.2d 1030 (Ala.Civ.App.1989). Factors the trial court may consider in determining whether to modify alimony include the ability of each spouse to earn income, the recipient spouse’s financial needs and the ability of the payor spouse to respond to those needs, the estate of each spouse, and the remarriage of the parties. Posey.
The husband claims that he proved that he could not pay $2,200 per month alimony to the wife, because, he states, his business was “destroyed” and his salary was much less than it was when the divorce judgment was entered; he lost his home in a sheriffs sale when the wife attempted to collect the alimony arrearage; and he now has custody of the child.
The testimony contains inconsistencies. Although the husband claims that the wife ruined his business, the husband’s former business partner stated that, as far as he knew, the wife had nothing to do with the demise of the company and that the husband wanted to dissolve the partnership and wanted to “go out on his own.” The partner further testified that he had received approximately $75,000 for his share of the business in 1993, and that the husband should have received the same amount. The husband testified that he opened two businesses in his present wife’s name and “took the money from one company into the other.” He also admitted that his present wife knew nothing about the businesses and that they are his companies. He testified that he deposited $27,000 into one of the new companies and that he spent approximately $47,000 on living expenses in May, June, and July.
The husband further testified that he worked as- an employee only, earning $500 per week, for a company owned by his former brother-in-law; however, the record reveals that the husband had lent money to that company and had purchased supplies for the company, using his company’s credit. The husband also admitted that he had been paid for a job by a supplier with whom he had previously done business, but that the job was for the company of his former brother-in-law. We note that the husband had purchased a 1993 Cadillac for his present wife during the time he was not paying the ordered amount of alimony. In light of these facts, we cannot say that the trial court’s judgment regarding the modification of alimony was plainly and palpably wrong. Posey, supra, 634 So.2d 571.
The husband next contends that the trial court erred in granting the wife’s motion for a rule nisi. The trial court in its August 19, 1993, order stated:
“That the Motion For Rule Nisi filed by the [wife] is hereby granted, and that the [husband] is to forthwith obtain insurance for the [wife] as provided for in the Judgment of Divorce. In the event the [husband] fails or refuses to do so, upon proper affidavit being filed, together with the physical description and address of the [husband], that a writ of arrest shall forthwith issue against the [husband].”
The husband claims that this amounted to a finding of contempt. He argues that he proved that he could not pay the alimony; therefore, he says, he cannot be found in contempt. However, in granting the motion for a rule nisi, the trial court gave the husband an opportunity to comply. We conclude that the trial court did not err in granting the motion for a rule nisi.
The husband contends that Rule 33.3, Ala.R.Crim.P., would be violated by implementation of the September 21,1993, writ of arrest. A person cannot be found in contempt without a hearing. See Rule 33.2(a), Ala.R.Crim.P. See also Rule 70A(c)(2), Ala. R.Civ.P.
The husband was provided notice and a hearing regarding the August 19,1993, order granting the motion for a rule nisi as to the insurance. However, regarding the $3,400 in alimony, the husband did not have the opportunity to present evidence. Therefore, as to the failure to provide evidence of insurance, we hold that the issuance of the writ of arrest was proper; however, as to the money allegedly owing for alimony, we hold that the trial court abused its discretion in issuing the writ of arrest. See Stack v. Stack, 646 So.2d 51 (Ala.Civ.App.1994).
*211 Finally, the husband contends that the trial court erred in failing to award child support, or to state its reasons for failing to award it. We agree. Pursuant to the Child Support Guidelines, Rule 32(A), Ala.R.Jud.Admin., the trial court must apply the guidelines or make a written finding that the application of the guidelines would-be unjust or inappropriate. Therefore, we must reverse the judgment of the trial court and remand the cause for a determination of support payments in accordance with Rule 32.
Accordingly, the judgment of the trial court is affirmed in part and reversed in part, and the cause is remanded for the entry of an order consistent with this opinion. Each party’s request for an attorney fee on appeal is denied.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., concurs.
THIGPEN, J., concurs in part and dissents in part.