I concur with the majority that the trial court's judgment regarding the issue of visitation is to be affirmed. I also concur with the majority that the child support issue must be reversed; however, I disagree with the instructions given by the majority that the trial court must determine "support payments in accordance with Rule 32." It is my position that when a trial court fails to address the issue of child support, the more appropriate course for this court is to reverse and remand for the trial court to properly address the issue.
In this case, the trial court's order is silent regarding the issue of child support. The father's post-judgment motion, which again sought a ruling on the issue of child support, was denied by operation of law. This trial court has simply failed to address that issue, and the judgment must be reversed for the trial court to enter "an order regarding child support."Scott v. Stevens, 636 So.2d 444, 448 (Ala.Civ.App. 1994).
Actions concerning whether to award child support "are still committed to the sound discretion of the trial court."Elliott v. Williams, 631 So.2d 1020, 1021 (Ala.Civ.App. 1993). On remand, the trial court may find that the father has failed to prove a change in circumstances, and therefore, the trial court would be "without authority to apply the child support guidelines" to order support payments. Dimoff v. Dimoff,606 So.2d 159, 161 (Ala.Civ.App. 1992). Before support payments could be ordered in this case, the trial court must first follow the legal rationale detailed in my special writing inThompson v. Thompson, 649 So.2d 208 (Ala.Civ.App. 1994). I continue to be of the opinion that in cases such as Hansen, this court should reverse and remand for the trial court to address the issue of child support, and, if warranted, to utilize Rule 32 in establishing the amount of the obligation. See Martin v. Martin, 637 So.2d 901 (Ala.Civ.App. 1994).