MONROE, Judge.
Vicky Peters Roberts and Steven A. Roberts were divorced in 1989. Vicky Peters Roberts, the mother, was awarded custody of the parties’ three children, and Steven A. Roberts, the father, was ordered to pay child support. A modification was sought in 1994, and the father was ordered to pay $400 monthly child support for the three children and $75 a month toward an arrearage.
In 1997, the State of Alabama filed a petition on behalf of the mother, seeking a modification to increase the amount of the payment for the arrearage and to increase the amount of child support. At the time of the modification hearing, the children were ages 19,17, and 14 years. The trial court ordered the father to pay $450 monthly child support for the two minor children and ordered him to pay $150 per month toward the arrearage. The State filed a postjudgment motion, which was denied. Thereafter, the State appeals.
The State claims that the trial court erred in failing to state, in its judgment, the amount of the arrearage. The judgment provides, “[The father] is ordered to pay the sum of $150 per month beginning on February 15, 1998, toward the arrearage.” The income withholding form states, “[The father] is ordered to pay the sum of $450 per month as current continuing support and $150 per month toward the total arrearage of $16,946.41.”
The parties agreed that the amount in arrears was $7,758.20 and that the accumulative interest was more than $9,000. At the hearing the court stated, “[T]he arrearage in this instant case which is not a part of the case today, that was decided a while ago, is about $7,000 plus accrued interest....” Thus, the arrearage was previously determined and, apparently, there is a previous court order stating the amount of the arrear-age. Further, at the hearing, there was no discussion about the amount of the arrear-age; the only matter addressed at the hearing related to the arrearage was the amount of the monthly payment. Thus, we conclude that the State failed to establish error in the court’s omission of the amount of the previous determined arrearage.
The State also argues that the trial court’s computation of child support failed to comply with the child support guidelines contained in Rule 32, Ala. R. Jud. Admin., and that the court erred in deviating from the guidelines without stating its reasons for doing so. We agree.
An award of child support may be modified only upon proof of a material change of circumstances that is substantial and continuing. Browning v. Browning, 626 So.2d 649 (Ala.Civ.App.1993). Once a change of circumstances justifying modification is proven, Rule 32(A) establishes a rebuttable presumption that the amount of child support that results from application of the guidelines is the correct amount of child support to be awarded. Cunningham v. Cunningham, 641 So.2d 807 (Ala.Civ.App.1994). The presumption may be rebutted upon a determination by the trial court that application of the guidelines would be “ ‘manifestly unjust or inequitable,’ ” and upon entry of a written finding to that effect. Stewart v. Kelley, 587 So.2d 384, 385 (Ala.Civ.App.1991), quoting Rule 32(A)(ii), Ala. R. Jud. Admin. Moreover, “[i]f the trial court fails to apply the guidelines or to present findings of fact based upon evidence before the court indicat *982 ing why the guidelines were not followed, this court will reverse.” Nelson v. Landis, 709 So.2d 1299, 1300 (Ala.Civ.App.1998); quoting Simmons v. Ellis, 628 So.2d 804 (Ala.Civ.App.1993).
The parties stipulated that the father’s monthly gross income was $4,412. It was shown that the mother’s was $641. The state entered several child support guideline forms into evidence. On one form the father’s obligation was calculated to be $797.13 by allowing the father a credit of $325 for monthly child support he paid on another child. Another form, which did not give the father the credit for the $325 obligation, established the child support obligation to be $848.66. The father presented evidence that these amounts would create an economic hardship. He urged the court to deviate from the guidelines and reduce child support to $500.
In its judgment the court provided, “[The father] is to pay the sum of $450 per month beginning on February 15, 1998, and on the 15th day of each month thereafter.” None of the guideline forms in the record establish $450 as the monthly child support obligation. Thus, the court deviated from the guidelines and failed to indicate why the guidelines were not followed.
The record contains evidence supporting the father’s argument that compliance with Rule 32 might be unjust or inequitable. However, because the trial court failed to set out its reasons for deviating from the guidelines, we must reverse. We add that, although we are compelled to reverse because the trial court did not set out its reasons for deviating from the guidelines, we are not finding that a deviation from the guidelines in this case would be improper. Thus, this portion of the trial court’s judgment is reversed and the cause is remanded for the court’s further consideration.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
ROBERTSON, P.J., and YATES, CRAWLEY, and THOMPSON, JJ. concur.