Although I concur in the main opinion insofar as it affirms the trial court's award of postminority educational support and its denial of the father's counterpetition for modification of his alimony obligation, I respectfully dissent from the affirmance of the trial court's modification of the father's child-support obligation.
In Posey v. Posey, 634 So.2d 571 (Ala.Civ.App. 1994), this court stated:
 "A trial court's discretion regarding child support when the parent's income exceeds the uppermost level of the schedule found in Rule 32, Ala. R. Jud. Admin., is not unbridled. The support ordered `must relate to the reasonable and necessary needs of the child[ren].' Anonymous v. Anonymous, 617 So.2d 694, 696
(Ala.Civ.App. 1993). There is absolutely no evidence in the record suggesting or relating to any material change in the needs, conditions, and circumstances of the children. Although the father's salary indicates an ability to pay higher child support, there is no evidence of any increased needs of the children. The trial court abused its discretion in increasing the father's child support obligation, and its judgment is not supported by record evidence."
634 So.2d at 572.
In the present case, there is similarly no evidence of any increased needs of the younger child, only evidence that the father's salary had increased.[3] Therefore, as the father correctly argues, the mother failed to show that a material change of circumstances had occurred that would allow the trial court to modify the award of child support. Because the trial court had no authority to modify the award of child support, we do not need to reach the issue whether the trial court correctly calculated the father's new child-support obligation. Thus the father's failure to argue that the trial court incorrectly calculated his new child-support obligation is irrelevant.
I, therefore, respectfully dissent from the main opinion's affirmance of the trial *Page 584 
court's judgment insofar as it modifies father's child-support obligation.
[3] In the present case, the parties' income exceeded the uppermost limit of the Rule 32, Ala. R. Jud. Admin., child-support-guidelines schedule. Accordingly, the presumption set forth in Rule 32(A)(3)(b) is inapplicable.