On Application for Rehearing
DONALDSON, Judge.
This court’s opinion of July 1, 2016, is withdrawn, and the following is substituted therefor.
Jack Blood (“the former husband”) appeals from a judgment of the Limestone Circuit Court (“the trial court”) modifying his child-support obligation and denying his request to modify his alimony obligation to Patricia Blood (“the former wife”).
The former husband and the former wife were divorced by a judgment entered by the trial court in April 2012. Pursuant to the divorce judgment, the former husband was ordered to pay $1,146 per month in child support for the parties’ minor child. The former husband was ordered to pay periodic alimony to the former wife in the amount of $1,000 per month for 36 months, followed by $1,500 per month for 24 months. The judgment also provided that, if the former husband filed for bankruptcy protection within the 60-month period during which he was obligated to pay alimony, he would pay an additional $1,000 per month beginning with the month following the date the bankruptcy was final and continuing each month for the remainder of the 60-month period.
On October 21, 2013, the former husband filed a complaint in the trial court seeking to modify his child-support obligation. In the complaint, he alleged that there had been a significant change in his financial situation caused by his loss of employment, and he requested a temporary reduction in his child-support obligation pending his obtaining new employment. The former husband attached to his complaint bank statements and a written summary of his financial situation. The former wife filed an answer denying the former husband’s allegations and a counterclaim in which she alleged, among other things, that the former husband owed her a child-support arrearage and an alimony arrearage. The former husband filed an amended complaint seeking to reduce his alimony obligation to the former wife.
On March 11, 2015, the trial court held a trial at which only the former husband testified. The evidence at trial indicated the following. Before the divorce judgment had been entered, the former husband had been ordered by a Florida court to pay $2,000 per month in child support for a daughter conceived with another woman during his marriage to the former wife. At the time of trial, the former *234 husband had an arrearage of $74,000 in unpaid child support owed to the other woman, and $3,755.25 was being withheld from his income each month to be applied to both-his current child-support obligation and the arrearage owed to the other woman. ■ At the time the divorce judgment was entered, the former husband worked for a defense contractor. After the divorce judgment was entered, the former husband was laid off from that employment. He then began working for. another employer, but he lost that job in January 2013. The former husband worked again from May 2013 through October 2013, earning approximately $79,716. The former husband's 2013 income-tax return showed his gross income for 2013 to be $108,778; however, the former husband testified that the income he claimed for 2013 included his severance pay from a former employer and withdrawals from his retirement plan. The former husband remained unemployed from October 2013 until July 2014, when he began his employment in Florida with a company called Textron. The former husband testified that, at the time of trial, he was earning a monthly gross income of $9,167 from his employment. The former husband testified that his total monthly living expenses were $4,096 but that he owed $6,049 per month toward unpaid child-support and alimony obligations.
The former husband testified that, during the time he was unemployed, he had exhausted his savings and had used credit cards to pay his child-support obligation to the former wife. The former husband testified that he had paid all of his child-support'obligations to the former wife that were owed during 2013. He testified that he had paid $3,081.96 in child-support payments for 2014 but that'he had a child-support arrearage owed to the former wife in the amount of $10,674.04 for 2014. The former husband testified that he had paid $1,213.92 in child support for January and February 2015 but that he had a child-support arrearage owed to the former wife in the amount of $1,078.08 for 2015. Thus, he testified, he had a total arrearage of $11,752.12 at the time of the trial.
The former husband testified that his first missed alimony payment to the. former wife was in. March 2013 and that he made partial alimony payments from June through September 2013, in January 2015, and in February 2015. The former husband testified that he had paid a total of $5,500 in alimony in 2013, that he did not pay any alimony in 2014, and that he had paid $300 in alimony in 2015. The former husband testified, that he had an arrearage of $17,500 in unpaid alimony owed to the former wife.,
On April 22, 2015, the trial court entered the following order:
“1. This case was initiated by the pro se filing by the [former husband] to modify child support and alimony, said petition being filed on October 18, 2013. The parties were divorced by order of this Court on April 10, 2012. The Court has considered the testimony and the exhibits. The [former husband] is also ordered to pay child support based on a Final Judgment of Paternity issued by the Circuit Court of the Fifth Judicial Circuit in and for Lake County, Florida, entered on about the 16th day of February, 2012, Said order predates the date of the divorce of the parties. Based upon same the Court finds that a material change of circumstances has occurred .regarding the payment of child support.
“2. The Court directed the attorneys for the parties to calculate current child support to be paid by the.[former husband] to the [former wife] postpetition for the last two months, of 2013, and for *235 the years 2014 and 2015. The Court instructed counsel to calculate the child support arrearage owed by the [former husband]. Based upon such calculation, the Court finds that child support for the two months remaining in 2013, post-petition, to be paid by the Petitioner is $943.00 per month. Beginning in 2014, [former husband] should have paid child support in the amount of $897.00 per month. Beginning January of 2015 and forward until modified by this Court, the [former husband] shall pay the amount of $872.00 per month as current child support.
“3. Based upon the payment history and calculations introduced into evidence by the [former wife], the Court finds that the [former husband] is in arrears of child support through March 31, 2015, in the principal amount of $9,171.16, plus $739.43 interest, for a total owed of $9,910.59, for which judgment shall issue in favor of the [former wife] and against the [former husband], in accordance with Alabama law.
“4. The [former husband] has filed no proceeding in the State of Florida to modify the child support ordered by that State. Further, the [former husband] has received a notice of wage withholding from the State of Florida seeking to garnish from the [former husband’s] pay the sum of $3,755.25 per month in order to collect unpaid child support, in Florida. The Court finds that the [former husband] has failed to exercise due diligence in regard to seeking a modification for relief from child support in Florida, and has instead limited his efforts to reduce his obligations to the [former wife] here in the State of Alabama. The [former husband’s] request to modify alimony is therefore denied.
“5. The Court finds that the [former husband] is in arrears of alimony to the [former wife] in the principal sum of $20,550.00 as of March 31,2015.
“6. The [former husband] shall pay child support in the current amount of $872.00 per month commencing January 2015, and, commencing the month of April 2015, shall begin paying an additional $128.00 per month toward the arrears, for a total monthly sum to be paid toward current and arrears of $1,000.00 per month until such time as all arrears and accumulating interest are paid in full.
“7. The [former wife] shall provide to the [former husband] documents showing the medical expenses of the minor child which have been uncovered by insurance through March 31, 2015. Statements from the [former wife’s] health insurance provider will suffice for this purpose. The [former husband] shall reimburse to the [former wife] ... one-half (½) of the uncovered charges within ninety (90) days of the submission of same by the [former wife]. All future medical bills shall be reimbursed in accordance with provisions contained ■within the original Decree of Divorce.
“8. The [former husband’s] current alimony obligation as established'by the Decree of Divorce is the sum of $1,000.00 per month. The [former husband] shall pay this sum- commencing with the month of March 2015. Pursuant to the Decree the [former husband] shall pay the sum of $1,500.00 per month beginning April 1, 2015. All alimony shall continue being paid until such time as the current obligation- as defined within the Divorce Decree, plus the arrears set out herein, plus an additional sum of $1,000.00 per month to be paid for each month the [former husband] remains in bankruptcy as set out in the Decree of Divorce between the parties, which [former husband] filed bankruptcy on October 31, 2012, has been paid in *236 full. The Court specifically reserves jurisdiction over the issue of alimony.
“9. The [former wife] had counterclaimed in this case to hold [the former husband] in contempt. The Court finds that the [former husband] suffered a decrease in income through no apparent fault of the [former husband]. Therefore, the request to hold the [former husband] in contempt is denied. All other prayers for relief filed or requested by either party not specifically addressed in this order are hereby denied.”
On May 14, 2015, the former husband filed a motion that he described as a motion to alter, amend, or vacate the April 22, 2015, order. On May 28, 2015, the former wife filed a motion to compel the former husband to produce certain documents that had not been produced before trial. The trial court set the pending motions for a hearing on June 11, 2015. On June 11, 2015, by agreement of the parties, the trial court entered an order continuing the hearing on the motions to August 18, 2015, On August 11, 2015, the parties filed a joint motion consenting to extend the time for ruling on the motions to September 11, 2015, which the trial court granted on August 12, 2015.
On September 14, 2015, the trial court entered the following order:
“This matter being set for hearing on the [former husband’s] Motion for Relief Filed Pursuant to the Alabama Rules of Civil Procedure, and the Court having considered the order previously issued in this matter on April 22, 2015, the Court hereby ORDERS as follows:
“1. After hearing the arguments of counsel the Court finds that the Order issued April 22, 2015, is not final as to the issues contained within paragraph # 7 thereof, concerning the [former husband’s] reimbursement to the [former wife] of one-half of the uncovered health expense costs of the child.
“The Court finds that the [former wife] submitted to the [former husband’s] previous counsel, as well as current counsel, the health expense charges as provided through the health insurance provider. Based upon discussions that were held in open Court during the trial of this case, the Court finds that same were sufficient for the purposes of calculating expenses to be reimbursed. Based upon same, the Court finds that the [former husband] owes to the [former wife] the sum of $749.07 which is to be paid within ninety (90) days of the date of this order.
“2. All other provisions of this Court’s order dated April 22, 2015, and, of the original order of this Court in the Decree of Divorce not by necessity modified by the content of the orders issued subsequent thereto shall remain in full force and effect.”
On September 21, 2015, the former husband filed a notice of appeal to this court.
On appeal, both the former husband and the former wife argue that the trial court’s order entered on September 14, 2015, is void for lack of jurisdiction. They contend that the motion filed by the former husband on May 14, 2015, was a postjudgment motion filed pursuant to Rule 59(e), Ala. R. Civ. P., and that it was therefore subject to the 90-day time limitation of Rule 59.1, Ala. R. Civ. P.; that the parties agreed to extend the time for the trial court to rule on the motion pursuant to Rule 59.1 until September 11, 2015; and that the trial court no longer had jurisdiction to enter the September 14, 2015, order adjudicating the former husband’s liability for unpaid health-care expenses after September 11, 2015.
*237 When the trial court entered its order on April 22, 2015, the former wife’s claim against the former husband for unpaid health-care expenses remained pending. The April 22, 2015, order expressly did not adjudicate that claim and ordered the parties to take further action. In its September 14, 2015, order, the trial'court specifically found that its order entered on April 22, 2015, was not final because it did not resolve issues related to the former husband’s reimbursement to the former wife for one-half of the uncovered healthcare expenses of the child. “A trial court has inherent authority to interpret, clarify, and enforce its own ... judgments.” State Pers. Bd. v. Akers, 797 So.2d 422, 424 (Ala.2000). We agree with the trial court that the April 22, 2015, order was not final and that the trial court, therefore, had jurisdiction to enter the September 14, 2015, order. “An order is generally not final unless it disposes of all claims or the 'rights or liabilities of all parties.” Tomlinson v. Tomlinson, 816 So.2d 57, 58 (Ala.Civ.App.2001). The provisions of Rule 59, and the time limitations of Rule 59.1, are applicable only with respect to final judgments from which an appeal may be taken. Ex parte Troutman Sanders, LLP, 866 So.2d 547, 549-50 (Ala.2003). The trial court’s April 22, 2015, order did not become final until September 14, 2015, when the trial cpurt entered its order amending the April 22, 2015, order to completely resolve all the claims between the parties. No other issue is raised regarding the order entered on September 14, 2015.
The former husband next argues that it is impossible to determine how the trial court calculated the former husband’s modified child-support obligation to the former wife because the child-support-guidelines forms required by Rule 32(E), Ala. R. Jud. Admin., are not in the record. The former wife agrees with the former husband and states in her appellate brief: “The former wife concedes as argued in Argument II of the [former husband] that the record lacks sufficient documentation required by Rule 32 of the Alabama Rules of Judicial Administration to substantiate the Court’s order regarding the calculation of child support and that such issues should be remanded to the trial Court for further proceedings.” In Willis v. Willis, 45 So.3d 347, 349 (Ala.Civ.App.2010), this court held:
“The record contains none of the child-support forms required by Rule 32(E), Ala. R. Jud. Admin., and the trial court’s judgment does not incorporate a child-support form setting forth the manner in which the trial court reached its child-support determination. ‘[T]his court cannot affirm a child-support order if it has to guess at what facts the trial court found in order to enter the support order it entered.... ’ Mosley v. Mosley, 747 So.2d 894, 898 (Ala.Civ.App.1999).”
See also Holley v. Holley, 829 So.2d 759, 763 (Ala.Civ.App.2002)(“The failure to incorporate the Child Support Guidéline forms is reversible error.”). Therefore, we reverse the trial court’s judgment insofar as it modifies the former husband’s child-support obligation, and we remand the cause to the trial court to calculate the former husband’s child-support obligation in compliance with the requirements of Rule 32, Ala. R. Jud. Admin., or to state the reasons for any deviation from the child-support guidelines.
The former husband also argues that the trial court should have modified his child-support obligation retroactively to the date his complaint seeking a modification was filed.
“The trial court may exercise its discretion in setting the effective date of a modification, but it is not bound to modify as of the date of the filing of the *238 petition. Clutts v. Clutts, 54 Ala.App. 43, 304 So.2d 599 (1974); see also, Murphy v. Murphy, 491 So.2d 978 (Ala.Civ.App.1986). This matter is within the sound discretion of the trial judge, whose decision will not be disturbed unless it was so unsupported by the evidence as to be palpably wrong, manifestly unjust, or plainly erroneous. Culverhouse v. Culverhouse, 389 So.2d. 937 (Ala.Civ.App.1980)."
Rogers v. Sims, 671 So.2d 714, 716-17 (Ala.Civ.App.1995), The former wife asserts that the trial court intended to retroactively modify child support in paragraph two of its April 22, 2015, order, but, as previously discussed, she also asserts that the record fails to present any evidence supporting the calculation actually made by the trial court. Because we are reversing the judgment insofar as it adjudicates the amount of child support, we likewise reverse the judgment to the extent that it determines the applicable date of the modification and sets the arrearage amount owed by the former husband toward his child-support obligation, and we remand the cause for the trial court to redetermine the date on which any child-support modification is applicable and, accordingly, to recalculate the former husband’s child-support arrearage.
Finally, the former husband argues that the trial court erred in refusing to modify his alimony obligation to the former wife.
“The modification of periodic alimony is a matter within the discretion of the trial .court, arid on appeal its judgment on .that matter is presumed correct. Posey v. Posey, 634 So.2d 571 (Ala.Civ.App.1994). This court will not reverse such a judgment unless it is not supported by the evidence or is otherwise plainly and palpably wrong. Id. The trial court may modify an award of peri-odie alimony if the petitioner proves that a material change .of circumstances has occurred since the last award was made. Boudreaux v. Boudreaux, 550 So.2d 1030 (Ala.Civ.App.1989). The trial court may consider several factors, including the earning capacity of each spouse, the recipient’s needs and the payor’s ability to meet those needs, and tlje estate of each spouse. Posey, supra. Even if a change of circumstances is shown, the trial court is not required to grant the . modification.. Mullins v. Mullins, 475 So.2d 578 (Ala.Civ.App.1985).”
Kiefer v. Kiefer, 671 So.2d 710, 711 (Ala.Civ.App.1995).
At the beginning of the trial, the former wife’s attorney informed the trial court that the parties had agreed to the terms contained in the divorce judgment:
“Your Honor will see, we intend to introduce a copy of the divorce decree, neither attorney was' involved in the writing of that, however it was by agreement. [The former husband] agreed to pay a thousand dollars a month for thirty-six months, fifteen hundred dollars a month for twenty-four months,”
The former wife’s attorney went on to say:
“Also,, in the decree, a provision that I have; .never seen before, but by agree-irient; in place by the parties, drafted on behalf of [the former husband], a provision was add[ed] that in the event that [the former husband] ever declared bankruptcy, his alimony would increase by a thousand dollars a morith."
The former husband’s attorney stood silent. Later,' the following exchange occurred:
“THE COURT: I’ll be honest with you—was this my case?
“[The former husband’s attorney]: It was, Judge.
*239 “THE COURT: I do not remember it.
“[The former wife’s attorney]: It .was by agreement, Judge.
“THE COURT: Oh, okay. That’s the reason I don’t remember it.” ,
The former husband’s attorney again stood silent. The trial court, when questioning the former husband regarding the bankruptcy provision in the divorce judgment, stated: “[A]s soon as you finalize your bankruptcy, you’re just out another thousand dollars a month that you agreed to, because that’s what you agreed to in the order. Do you see what I’m saying?” The former husband responded: “Yes, sir.” The former husband and his attorney, for the third time, failed to contest the trial court’s statements indicating that the terms of the divorce judgment were entered into by agreement. We note that, “[w]hen ... a provision awarding periodic alimony is based upon the agreement of the parties, that provision should not be modified without close scrutiny, see, e.g., Trammell v. Trammell, 589 So.2d 743 (Ala.Civ.App.1991).” Santiago v. Santiago, 122 So.3d 1270, 1279 (Ala.Civ.App.2013). The divorce judgment, however, indicates that it was entered after a trial. Nevertheless, even if the former husband did not agree to pay the amount of alimony to the former wife that was ordered in the divorce, the record does not demonstrate a material change in circumstances sufficient to require a modification of alimony.
In support of his argument that there was a material change in circumstances requiring a modification, the former husband argues that his annual income had declined from the time the divorce judgment was entered to the time he filed his complaint seeking a modification from approximately $150,000 to approximately $110,000; that he had depleted his assets to meet his court-ordered obligations; that he had been forced to seek bankruptcy protection; and that his monthly expenses exceeded his. monthly income.
’The former wife argues that the trial court appropriately declined to modify the former husband’s alimony obligation because the former husband still earned a substantial yearly income of $110,000 and because he had made no effort to modify his $3,755.25 monthly child-support obligation to his child in Florida. During the trial, the trial court asked the former husband about his failure to seek to modify his Florida child-support obligation.
“THE COURT: Let me ask this, while we’re on it. Why have you not sought to modify, if things are so tight? Why are [you] just seeking to modify support here and not in Florida?
“[The former husband]: Initially because that mother was willing to work with me.
“THE COURT: Well, that sounds vindictive to me.. It sounds like you’re playing favorites.
“[The former husband]:- It’s just the economics, Your Honor, of the filing fees and the attorney fees. That’s the brace [ sic ] tacks of it. That’s why I originally filed pro se.
“THE COURT: Well, I’ll tell you this and we’ll go forward. You won’t balance your financial house on the backs [sic] of one child. That’s not going to happen. As we go forward -if' you think you’re going to favor one child and not against the other then it won’t happen with me. So I’ll just say that, going forward. I don’t know where we are.”
In the April 22, 2015, order, the trial court specifically noted:
“The [former husband] has filed no proceeding in the State of Florida to modify the child support ordered by that State. Further, the [former husband] has received a notice of wage withholding *240 from the State of Florida seeking to garnish from the [former husband’s] pay the sum of $3,755.25 per month in order to collect unpaid child support in Florida. The Court finds that the [former husband] has failed to exercise due diligence in regard to seeking a modification for relief from child support in Florida, and has instead limited his efforts to reduce his obligations to the [former wife] here in the State of Alabama. The [former husband’s] request to modify alimony is therefore denied.”
The evidence indicated that, at the time of the trial, the former husband’s income had been reduced but that he was still earning a substantial salary. The former husband was also making charitable contributions of $846 each month, which the trial court found to be inappropriate in view of his failure to pay child support and alimony. If the former husband stopped making that discretionary expenditure, his monthly expenses would be greatly decreased. The trial court also found that the former husband was attempting to reduce his obligations only to the former wife, based on assertions of reduced income, while not attempting to do so for the child he had fathered while married to the former wife. The evidence also showed that the former husband’s child-support obligation in Florida had increased by $1,750 per month because he had failed to comply with a previous child-support order. In view of the wide discretion afforded to the trial court in such matters, we cannot say the decision of the trial court to not reduce the amount of alimony the former husband had agreed to pay the former wife as part of the divorce judgment was unsupported by the evidence or plainly and palpably wrong. Kiefer, supra. See also Mullins v. Mullins, 475 So.2d 578, 579 (Ala.Civ.App.1985)(noting that, “even though there may be changed circumstances, modification of a prior [alimony] judgment remains a matter within the discretion of the trial court”).
Based on the foregoing, the judgment, insofar as it addresses the former husband’s child-support obligation and child-support arrearage, is reversed, and the cause is remanded for the trial court to calculate child support in compliance with Rule 32, Ala. R. Jud. Admin., and to determine the child-support arrearage and the effective date of any child-support modification. As to the issue of alimony, the judgment is affirmed.
APPLICATION GRANTED; OPINION OF JULY 1, 2016, WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.